**David J. CLINE**

v.

**Percy A. WOOD, Jr. and the Travelers Insurance Company.**

Supreme Judicial Court of Maine.

Argued May 1, 1986.

Decided May 30, 1986.

---

Rudman & Winchell, Paul Sighinolfi (orally), Bangor, for plaintiff.

Brown, Tibbetts, Churchill & Romei, John V. Romei (orally), Machias, for defendant.

Before McKUSICK, C.J., and ROBERTS, VIOLETTE, WATHEN and SCOLNIK, JJ.

SCOLNIK, Justice.

Percy Wood Jr. (the employer) and the Travelers Insurance Company (Travelers) appeal from a decision of the Appellate Division of the Workers' Compensation Commission affirming the commissioner's decision that David Cline's (the employee) petition for further compensation under the Workers' Compensation Act (the Act) was not barred by the ten year limitation period contained in 39 M.R.S.A. § 95 (Supp.1985). That section provides in pertinent part that "[n]o petition of any kind may be filed more than 10 years following the date of the latest payment made under this Act."

The commissioner and Appellate Division both concluded that a payment made by Travelers for a medical examination of the employee pursuant to 39 M.R.S.A. § 65 (1978) was a "payment made" within the meaning of section 95. We disagree and vacate the Appellate Division's decision.

On March 13, 1968, the employee sustained a back injury in an accident that occurred while he was driving the employer's tractor-trailer. As a result of the accident, the employee received workers compensation benefits for total incapacity for a period of ten weeks. The last benefit paid to him was on June 3, 1968. He returned to work shortly thereafter.

Between 1968 and 1972, the employee visited his own physicians for medical treatment of his back. On May 22, 1972, the employee's attorney sent a letter to the Industrial Accident Commission (now the Workers' Compensation Commission) stating that the employee still had considerable difficulties with his back allegedly as a result of the March 13, 1968, injury. The attorney requested further medical attention and a hearing for a determination of the facts. Travelers, the employer's insurer, received a copy of the letter and soon thereafter scheduled a medical examination of the employee. Dr. John Woodcock conducted the examination on September 25, 1972, and reported to the insurer his findings and opinion as to the employee's medical condition. Travelers paid for the examination on or before December 19, 1972.

No further activity regarding the matter occurred until January 6, 1981, when the employee filed a petition for further compensation. He alleged that he experienced an additional period of incapacity attributable to the March 13, 1968, injury. On January 29, 1981, the employer and Travelers answered the petition and raised the affirmative defense of the statute of limitations, 39 M.R.S.A. § 95. Travelers and the employer contended that the petition is barred because ten years had lapsed since June 3, 1968, the date of the last payment made under the Act.

The commissioner granted the petition, finding that the employee was totally incapacitated from December 31, 1980, to June 10, 1981, because of the 1968 injury. He rejected the employer's and insurer's affirmative defense, concluding that the payment to Dr. Woodcock in 1972 constituted a payment made under the Act, from which date the ten year limitation period set forth in section 95 was to be computed. The Appellate Division, by a 2 to 1 vote, affirmed the commissioner's decision. The majority found that since the payment for the medical examination was made pursuant to a provision of the Act, section 65, it was a payment made under the Act. On February 19, 1986, we granted the employer's and the insurer's petition to review the Appellate Division's decision.

All the parties agree that Dr. Woodcock's examination of the employee made in 1972 was undertaken pursuant to section 65 and that the insurer paid for the examination pursuant to that section. Section 65 provides in pertinent part:

> Every employee shall after an injury, at all reasonable times during the continuance of his disability if so requested by his employer, submit himself to an examination by a physician or surgeon authorized to practice as such under the laws of this State, to be selected and paid by the employer. The employee shall have the right to have a physician or surgeon of his own selection present at such examination, whose costs shall be paid by the employer. The employer shall give the employee notice of said right at the time he requests such examination.

39 M.R.S.A. § 65.[1] We are called upon to decide whether a payment made to the examining physician pursuant to section 65 constitutes a payment for purposes of section 95 from which the ten year limitation period is to be computed. Section 95 provides in pertinent part: "No petition of any kind may be filed more than 10 years following the date of the latest payment made under this Act."[2]

The purpose of section 65 is to allow the employer to conduct a medical examination of the employee to determine questions of liability or causation without committing himself to liability. Specifically, the statute enables the employer to determine whether a compensable injury exists or whether a condition giving rise to a renewed claim for benefits is causally related to an earlier compensable injury without consciously subjecting himself to liability on the complaint. Since the purpose of section 65 is to allow for an examination without committing the employer to the equivalent of accepting liability, no valid reason can be articulated for extending the ten year limitation period when a payment

---

1. Because the Act provides that if the employer is insured, the term "employer" when used in the Act includes the insurer "unless the contrary intent is apparent from the context or [if such inclusion] is inconsistent with the purposes of this Act," 39 M.R.S.A. § 2(1) (1978), it was not inappropriate for Travelers to request the examination.

2. Section 95 provides in full:

 Any employee's claim for compensation under this Act shall be barred unless an agreement or a petition as provided in section 94 shall be filed within 2 years after the date of the injury, or, if the employee is paid by the employer or the insurer, without the filing of any petition or agreement, within 2 years of any payment by such employer or insurer for benefits otherwise required by this Act. The 2-year period in which an employee may file his claim does not begin to run until his employer, if he has actual knowledge of the injury, files a first report of injury as required by section 106 of the Act. Any time during which the employee is unable by reason of physical or mental incapacity to file the petition shall not be included in the period provided in this section. If the employee fails to file the petition within that period because of mistake of fact as to the cause and nature of the injury, he may file the petition within a reasonable time. In case of the death of the employee, there shall be allowed for filing said petition one year after that death. No petition of any kind may be filed more than 10 years following the date of the latest payment made under this Act. For the purposes of this section, payments of benefits made by an employer or insurer pursuant to section 51–B shall be considered payments under a decision unless a timely notice of controversy has been filed.

is made solely pursuant to that statutory provision. *See Sampson v. Thornton,* 14 N.J.Super. 353, 355–56, 82 A.2d 441, 443 (1951) (discussing a statute similar to section 65, N.J.Stat.Ann. § 34:15–19 (West. 1959)), *aff'd,* 8 N.J. 415, 86 A.2d 117 (1952). To reach a contrary conclusion requires the untenable declaration that the employer is helpless to prevent the extension of the limitation period when he initiates an examination of the employee under section 65 to determine if the injury is work-related. Whether the employee is indirectly benefited by the examination, a determination of which counsel suggests is necessary to a decision on the issue before the Court, is irrelevant if the examination is made pursuant to section 65.

Accordingly, we hold that a payment made for a medical examination pursuant to section 65 is not the type of payment from which the limitation period set forth in section 95 is to be computed. As a result, the employee's petition, filed on January 6, 1986, is barred by the provisions of section 95 because it was filed more than ten years after June 3, 1968, the date of the last payment of benefits made under the Act.

The entry is:

The decision of the Appellate Division is vacated. Case remanded to the Appellate Division with instructions to remand to the commissioner for dismissal of the petition.

It is ordered that the employer pay to the employee $550 for his counsel fees plus his reasonable out-of-pocket expenses for this appeal.

All concurring.