Florence STANLEY, et al.

v.

TILCON MAINE, INC., et al.

Supreme Judicial Court of Maine.

Argued March 15, 1988.
Decided May 31, 1988.

Ronald R. Coles (orally), Kennebunk, for plaintiffs.

Gregory W. Powell (orally), Friedman & Babcock, Portland, for defendants.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

WATHEN, Justice.

Plaintiff Florence Stanley, individually and as mother and next friend of Laura Stanley, appeals from a summary judgment of the Superior Court (Cumberland County) rendered in favor of defendants, Tilcon Maine, Inc., Tilcon Minerals, Inc., and Tilcon Quarries Maine, Inc. The Superior Court concluded that plaintiff's claim is barred by the Recreational Use Statute (14 M.R.S.A. § 159–A (1980 & Supp.1987)).

On appeal, plaintiff contends that a minor's claim based on the common law doctrine of attractive nuisance [1] is not barred by the statute. Alternatively plaintiff contends that the statute affords no protection to the owners of a commercial sandpit. Finding no error, we affirm the judgment of the Superior Court and deny defendants' request for reimbursement of their legal expenses.

---

1. The doctrine creates liability under certain conditions for "[a] possessor of land ... for physical harm to children trespassing thereon caused by an artificial condition upon the land."

*Jones v. Billings,* 289 A.2d 39, 42 (Me.1972) (adopting the approach of Restatement (Second) of Torts § 339 (1985)).

The relevant facts may be summarized as follows: On November 29, 1985, Laura Stanley, a fourteen-year-old high school freshman, was injured while tobogganing in a sandpit owned and operated by defendants and located in Wells on the corner of Roger Bragdon Road and Bald Hill Road. After tobogganing for approximately an hour and a half, Laura was injured when she hit a snow-covered bump of sand and was thrown from the toboggan. The sandpit had been used on prior occasions by Laura for sledding and by other persons for such activities as sledding, snowmobiling, and three-wheeling. Laura's mother brought an action against defendants for her daughter's personal injuries and medical expenses resulting from the accident. The Superior Court held that 14 M.R.S.A. § 159–A barred plaintiff's claim and granted summary judgment in favor of defendants. The Court found that the undisputed facts fit within the limitation of liability provided by section 159–A. From this judgment plaintiff appeals.

■ We have not previously considered the potential impact of the statutory limitation of liability for recreational use upon the judicially-created liability, with respect to minors, for the maintenance of an attractive nuisance. Because statutory law has the ability to displace common law doctrine, in whole or in part, we must first examine the statute to determine whether it applies on the facts of this case. The statute provides the following limitation on the liability of landowners:

> An owner, lessee or occupant of premises shall owe no duty of care to keep the premises safe for entry or use by others for recreational or harvesting activities or to give warning of any hazardous condition, use, structure or activity on

these premises to persons entering for those purposes.

14 M.R.S.A. § 159–A(2) (1980). "Premises" are defined as "improved and unimproved lands, private ways, any buildings or structures on those lands and waters standing on, flowing through or adjacent to those lands." 14 M.R.S.A. § 159–A(1)(A) (1980). "Recreational or harvesting activities" are defined as

> recreational activities conducted out of doors, including hunting, fishing, trapping, camping, hiking, sight-seeing, operation of snow-traveling and all-terrain vehicles, skiing, hang-gliding, boating, sailing, canoeing, rafting or swimming or activities that involve harvesting or gathering forest products. It shall include entry, use of and passage over premises in order to pursue these activities.

14 M.R.S.A. § 159–A(1)(B) (Supp.1987).

■ Plaintiff contends that the statute does not apply to this case because it does not expressly refer to entry or use by minors. The statute, however, refers without differentiation to "use by others." When the language of the statute is clear and unambiguous, we will give the statute its plain meaning. *State Farm Mut. Auto. Ins. Co. v. Universal Underwriters Ins. Co.*, 513 A.2d 283, 286 (Me.1986). Unless the statute itself discloses a contrary intent, the wording of the statute should be given its common and ordinary meaning. *Thurston v. 3K Kamper Ko., Inc.*, 482 A.2d 837, 842 (Me.1984). The word "other" is defined as "another or some other person or thing." *Webster's New World Dictionary* 1007 (2d College ed. 1978). The word does not distinguish between adults and minors and there is nothing in the language of the statute or the legislative history to suggest that the Legislature intended to limit liability only with respect to claims by adults.[2]

**2.** The basic changes in the statute from its original enactment in 1961 to its most recent amendment in 1985 involved broadening the definition of "recreational or harvesting activities." The history of 14 M.R.S.A. § 159–A is as follows: The statute was first enacted by P.L.1961, ch. 276, entitled "An Act Relating to Liability of Landowners Towards Hunters, Fishermen, Trappers, Campers, Hikers, or Sightseers" and

provided that landowners owed no duty to others who used their premises for "hunting, fishing, trapping, camping, hiking or sightseeing." R.S. ch. 37, § 152 (1954). "Premises" was defined as "lands, private ways and any buildings and structures thereon." R.S. ch. 37, § 152(V) (1954). It was codified in 1964 under 12 M.R.S.A. §§ 3001–3005. In 1969, it was amended to include within the list of activities, operation of

The exceptions expressed in the statute to the rule of limited liability do not include any reference to claims by minors.[3] We conclude that section 159–A applies to a claim of a minor entering or using the land of another for recreational purposes. Plaintiff's claim that the statute sweeps too broadly is most appropriately addressed by the Legislature.

Plaintiff next contends that the statute does not apply to owners of commercial property. A plain reading of the statute, however, does not support plaintiff's argument. The term "premises" is statutorily defined as "improved and unimproved lands, private ways, any buildings or structures on those lands...." 14 M.R.S.A. § 159–A(1)(A). Such a definition provides no basis for distinguishing between commercial and noncommercial premises. Moreover, it is clear that the Legislature intended to include within the purview of the statute the commercial woodlands in rural Maine that are rich with opportunities for hunting, fishing, and other recreational activities. Finally, plaintiff contends that the statute does not apply to owners who manifest an intent that the property not be used for recreational purposes. Although plaintiff correctly argues that one of the purposes of the statute is the encouragement of landowners to allow recreational use of their lands, the statutory limitation of liability is neither expressly nor implicitly conditioned upon the agreement of the landowner. We hold that the Superior Court correctly granted summary judgment on the basis of section 159–A.

Defendants made no claim in the Superior Court for their legal costs,[4] and it is not open to them to make that belated claim here. *See Graybar Elec. Co. v. Sawyer,* 485 A.2d 1384, 1388 (Me.1985).

The entry is:

Judgment affirmed.

All concurring.

---

snow traveling vehicles and recreational activities. P.L.1969, ch. 342, and P.L.1969, ch. 504, § 21–A. In 1979, it was again amended to include "skiing, hang-gliding, boating, sailing, canoeing, rafting or swimming, or activities that involve harvesting or gathering forest products." The definition of premises was amended to include "improved and unimproved lands," as well as waterways. P.L.1979, ch. 253, § 2; P.L. 1979, ch. 514, § 1; P.L.1979, ch. 663, § 75. In 1979 the statute was moved from the inland fisheries and wildlife laws (Title 12) into the civil procedure laws (Title 14). In 1983, it was amended to include all-terrain vehicles. P.L. 1983, ch. 297, § 2. Finally, in 1985, the statute was amended to include a provision for award of legal costs to defendants who prevail under the statute. P.L.1985, ch. 762, § 25.

**3.** 14 M.R.S.A. § 159–A(4) (1980) provides:

**4. Limitations on section.** This section shall not limit the liability which would otherwise exist:

A. For a willful or malicious failure to guard or to warn against a dangerous condition, use, structure or activity;

B. For an injury suffered in any case where permission to pursue any recreational or harvesting activities was granted for a consideration other than the consideration, if any, paid to the landowner by the State; or

C. For any injury caused, by acts of persons to whom permission to pursue any recreational or harvesting activities was granted, to other persons to whom the person granting permission, or the owner, lessee or occupant of the premises, owed a duty to keep the premises safe or to warn of danger.

**4.** 14 M.R.S.A. § 159–A(6) (Supp.1987) provides: "The court shall award any direct legal costs, including reasonable attorneys' fees, to an owner, lessee or occupant who is found not to be liable for injury to a person or property pursuant to this section."