Bernard L. JOHNSON

v.

BATH IRON WORKS CORP. and Commercial Union Insurance Co. and Liberty Mutual Insurance Co.

Supreme Judicial Court of Maine.

Argued Sept. 21, 1988.
Decided Dec. 7, 1988.

Jonathan Reitman, Janmarie Toker (orally), McTeague, Higbee, Libner, Reitman, MacAdam & Case, Topsham, for plaintiff.

Eve Cimmet (orally), Richardson & Troubh, Portland, for Commercial Union Ins. Co.

Stephen Moriarty (orally), Norman, Hanson & Detroy, Portland, for Liberty Mutual Ins. Co.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and HORNBY, JJ.

McKUSICK, Chief Justice.

Commercial Union Insurance Company, the former compensation insurance carrier for Bath Iron Works Corp. (BIW), appeals a decision of the Workers' Compensation Commission's Appellate Division affirming a decision of the hearing commissioner. This appeal involves a claim by a BIW employee, Bernard Johnson, directly against Commercial Union for benefits flowing from a 1970 injury and a claim by Liberty Mutual Insurance Company, BIW's current insurance carrier, for apportionment against Commercial Union of other benefits flowing from a 1983 injury and from Johnson's death in 1984. Specifically, Commercial Union contests the commissioner's holdings (1) that Johnson's petition to fix medicals filed against Commercial Union was not time-barred under the 10–year statute of limitations of 39 M.R.S.A. § 95 (Pamph.1988); and (2) that Liberty Mutual's petition for apportionment should

be granted, with compensation and death benefit awards apportioned equally between the two insurers under 39 M.R.S.A. § 104–B (Pamph.1988). On reviewing directly those rulings of the hearing commissioner, we find no error.

In 1970 Johnson suffered a heart attack while at work at BIW. At that time Commercial Union was BIW's workers' compensation insurer. Johnson filed a petition for award of compensation, and, after some litigation, the Commission found the injury to be work-related and thus compensable. In July 1973 Commercial Union paid Johnson the award ordered by the Commission. The last date on which attorney or witness services were rendered to Johnson in connection with his 1970 petition was in August 1973. Commercial Union made its last payment for those services as required by 39 M.R.S.A. § 110 (1978)[1] in December 1973.

Johnson stayed symptom-free and was able to work until 1983, requiring only periodic checkups. In 1983, however, he sustained a second heart attack. By that time Liberty Mutual had become BIW's workers' compensation insurer. In May 1983 Johnson filed a petition for award of compensation against Liberty Mutual. In August 1983 he filed a petition to fix the amount to be allowed for medical or other services against Commercial Union, seeking compensation for the periodic checkups he had had relating to his 1970 heart attack. In its answer Commercial Union raised the defense of the ten-year statute of limitations prescribed by 39 M.R.S.A. § 95.

Johnson in 1984 suffered congestive heart failure and died on April 22. His widow, Elsie Johnson, then filed a petition for award of compensation (fatal) against Liberty Mutual, and Liberty Mutual filed a petition for apportionment against Commercial Union. Commercial Union again raised the statute of limitations defense.

The hearing commissioner found that Johnson's death was caused in part by both of his heart attacks. After concluding that the petition against Commercial Union was not time-barred, the hearing commissioner granted all three petitions for compensation filed by Johnson and his widow and later granted Liberty Mutual's petition for apportionment, finding that the compensation awarded should be apportioned equally between the two carriers. Commercial Union appealed those decisions to the Appellate Division, which affirmed, as do we.

Commercial Union makes three arguments raising questions of law reviewable on appeal in this court. Because the Appellate Division here acted as an intermediate appellate tribunal, the Law Court reviews the hearing commissioner's decisions directly for errors of law. *See Lagasse v. Hannaford Bros. Co.,* 497 A.2d 1112, 1119 (Me.1985). We take each argument in turn.

### I. *The Statute of Limitations*

First, Commercial Union argues that the hearing commissioner erred in finding that Johnson's claim against Commercial Union for further benefits on account of the 1970 heart attack was not barred by the ten-year statute of limitations, 39 M.R.S.A. § 95. Section 95 provides in pertinent part: "No petition of any kind may be filed more than 10 years following the date of the latest payment made under this Act." Commercial Union contends that the date on which services were rendered, rather than the date payment was made, controls the start of the limitations period. Section 95, however, specifically states that it is "the date of the latest payment" that controls. Nothing could be clearer.

Similarly, we find no merit in Commercial Union's argument that the payment for attorney and witness fees is not the kind of payment to which section 95 refers. Commercial Union would have us hold that only compensation-type payments can toll the

---

1. 39 M.R.S.A. § 110 authorizes the Workers' Compensation Commission to "assess the employer costs of witness fees and a reasonable attorney's fee" incurred by the employee.

Amendments to section 110 since 1973 have made no change that is here pertinent. *See* 39 M.R.S.A. § 110 (Pamph.1988).

limitations period. But section 95 does not put any such restriction on the kind of payments that can toll the statute of limitations, so long as the payment is "made under this Act." Clearly, the Act requires the payment of attorney and witness fees for services rendered the employee in workers' compensation proceedings as assessed by the Commission. 39 M.R.S.A. § 110 (1978), see n. 1 above.

Commercial Union's reliance on our decision in *Cline v. Wood*, 510 A.2d 530 (Me. 1986), is misplaced. In *Cline*, we held that the insurer's payment for a medical examination requested by the insurer to determine whether an injury was compensable did not extend the limitations period. *Id.* at 532–33. Section 65 of the Workers' Compensation Act requires the employee to submit to a medical examination requested and paid for by the insurer. The insurer's payment in *Cline* was not "made under this Act" within the meaning of that phrase in section 95, but rather was made in discharge of the insurer's contractual obligation incurred when it had its designated physician perform the requested medical examination. As we pointed out in *Cline*, sections 65 and 95 must be read together to avoid the absurd result of a holding that an insurer by merely investigating a workers' compensation claim would toll the 10-year statute of limitations. In contrast to section 65, section 110 imposes directly upon the insurer an unconditional obligation to pay for the employee's attorney and witness fees assessed against the insurer by commission order. Such payments fit squarely within the language of section 95, and the hearing commissioner in the case at bar properly found that they tolled the limitations period.

## II. *Subrogation*

■ Against the possibility that we would agree with the hearing commissioner and the Appellate Division that Johnson's petition to fix medicals was timely, Commercial Union argues that the Appellate Division erred in also finding that Liberty Mutual's petition for apportionment was timely. This argument ignores the fact that Liberty Mutual is subrogated to the rights of the employee and that the employee could have filed a claim against Commercial Union at the time of the apportionment petition.

As the hearing commissioner properly found, apportionment proceedings are governed by section 104–B, which provides in relevant part:

**2. Liability to employee.** If an employee has sustained more than one injury while ... employed by the same employer and that employer was insured by one insurer when the first injury occurred and insured by another insurer when the subsequent injury or injuries occurred, the insurer providing coverage at the time of the last injury shall initially be responsible to the employee for all benefits payable under this Act.

**3. Subrogation.** Any insurer determined to be liable for benefits under subsection 2 shall be subrogated to the employee's rights under this Act for all benefits the insurer has paid and for which another insurer may be liable.

As we have earlier held, Johnson's successful 1983 petition to fix medicals tolled the limitations period on the 1970 injury, giving Johnson the right to obtain payment from Commercial Union for the ongoing consequences of that injury. Therefore, Commercial Union's payment on the timely petition to fix medicals starts the limitations period running again. Liberty Mutual, by subrogation to Johnson's rights, can therefore take advantage of the tolling of the limitations period and proceed against Commercial Union for apportionment.

## III. *Death Benefits*

■ Lastly, Commercial Union argues that the hearing commissioner erred in finding that death benefits are apportionable under the Act. It contends that the apportionment provisions of section 104–B do not apply to death benefits because the section does not specifically mention death benefits and provides for payment only to the employee, not to any beneficiaries of a deceased employee.

Commercial Union's contention is quickly answered by an examination of the lan-

guage of the Act. Section 104–B's apportionment provisions refer to "all benefits" payable under the Act. This provision does not distinguish between different types of benefits and we will not read such a distinction into the statute. *See Kidder v. Coastal Constr. Co.*, 342 A.2d 729, 733 & n. 4 (Me.1975) (it makes no difference in apportioning liability whether the injury resulted in death, injury, or total incapacity). The definitions of the Act dispose of Commercial Union's argument that the insurer is not responsible to the employee's beneficiaries. Section 2(5)(A)(2) provides in pertinent part:

> Any reference to an employee who has been injured shall, when the employee is dead, include his legal representatives, dependents and other persons to whom compensation may be payable.

39 M.R.S.A. § 2(5)(A)(2) (Pamph.1988).

The entry is:

JUDGMENT AFFIRMED.

It is further ordered that Commercial Union Insurance Co. and Liberty Mutual Insurance Co. pay in equal shares to the employee $550 for counsel fees plus reasonable out-of-pocket expenses for this appeal.

All concurring.