William HARVIE

v.

BATH IRON WORKS CORP., et al.

Daniel V. VENTRY, Jr.

v.

BATH IRON WORKS CORP., et al.

Supreme Judicial Court of Maine.

Argued March 16, 1989.
Decided July 14, 1989.

Jonathan Reitman (orally), Janmarie Toker (orally), McTeague, Higbee, Libner, MacAdam & Case, Topsham, for plaintiffs.

Eve Cimmet (orally), Richardson & Troubh, Stephen Moriarty (orally), Robert Bower, Norman, Hanson & Detroy, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

COLLINS, Justice.

In a consolidated appeal, William Harvie and Daniel Ventry challenge the rulings of the Appellate Division of the Workers' Compensation Commission denying them recovery for injuries sustained at work. Because the time lapse of more than two years from the injuries and last payment to the time the claims were made bars both claims under 39 M.R.S.A. § 95 (Pamph. 1988), we affirm the Appellate Division.

Both men were injured in separate incidents at the Bath Iron Works in 1979. Ventry slipped on pipes and twisted his ankle. He was voluntarily paid benefits without the filing of any petition or agreement. The last payment was made in February of 1980. In September of 1984 Ventry received prescription Motrin from the first aid office at the Iron Works for swelling in the same ankle. The hearing commissioner determined that the Motrin constituted a payment that revived Ventry's claim for compensation. The Appellate Division agreed that the Motrin constituted a payment, but reversed because it found that the almost five years between the last payment in 1980 and the administration of Motrin in 1984 extinguished Ventry's claim.

Harvie injured his knees when he fell from a height of between three and five feet in March of 1979. He was seen by doctors in June and July of 1979, and again in April of 1984 after experiencing "aching, swelling, and minor dull pain." After receiving a second opinion, Harvie underwent arthroscopic surgery in 1985. The hearing commissioner found that Harvie's claim filed in 1985 was barred by the two-year statute of limitations. The Appellate Division affirmed.

Because the Appellate Division is an intermediate tribunal the decision of the hearing commissioner is reviewed directly for errors of law. *See Lagasse v. Hannaford Brothers Company*, 497 A.2d 1112, 1119 (Me.1985). The Maine statute provides:

> Any employee's claim for compensation under this Act shall be barred unless any agreement or a petition as provided in section 94 shall be filed within two years after the date of the injury, or, if the employee is paid by the employer or the insurer, without filing of any petition or agreement, within two years of any payment by such employer or insurer for benefits otherwise required by this Act.

39 M.R.S.A. § 95. Neither man claims to fall within the exceptions to this statute of limitations.[1] Instead each suggests that the 1984 medical attention revived claims otherwise barred by the statute of limitations.

As originally enacted, the provisions in question required a worker to file for compensation within two years of the date of injury and, under any circumstances, within ten years of the date of accident. P.L. 1965, ch. 408, § 9. The ten year extension was quickly modified to permit filing a petition, in certain circumstances, ten years after the date of last payment. P.L.1965, ch. 489, § 8.

This ten year statute of limitations provided an outside limit in cases that were recognized exceptions to the two year limit. In each of its incarnations, these exceptions were physical or mental incapacity, or mistake of fact as to the cause and nature of the injury. The statute also provided an additional year for filing in the case of death.

In 1975, the two year limit itself was amended to allow recovery within two

---

1. The rule provides exceptions in case of "physical or mental incapacity ... and mistake of fact as to the cause and nature of the injury." One year tolling is also allowed in the case of the death of an employee.

years of the final payment. The modification of the statute in 1975 addressed the problems posed by the worker whose treatment continued beyond that two year period, but who did not fall into the exceptions listed in the statute. The worker's continued treatment, under the 1975 revision, relieved him or her of the absolute requirement of filing a claim within two years of injury.

Under Harvie's and Ventry's interpretation of that amendment, a subsequent payment revives a stale claim even though made after the two year period of limitation expires. This two year limitation period, however, is extended only when payments are "required by this Act." 39 M.R.S.A. § 95. Once that two year period has expired, the claim is barred and no payment to Ventry or Harvie was required by the Act. Therefore, any payment by Bath Iron Works once the statute expired could not revive the claim. Any other interpretation would multiply the exceptions to the statute of limitations which, since the statute was first adopted, have been clearly and particularly stated.

The policy behind a statute of limitations is to reconcile the interests of an injured party with those of the party responsible for compensation. *Pino v. Maplewood Packing Co.*, 375 A.2d 534 (Me.1977). While it is true that payments in compensation for an injury toll the statute of limitations, it is because the employer, responsible for compensation, has notice of the injury that this tolling occurs. *Pottle v. Bath Iron Works*, 551 A.2d 112 (Me.1988). The employer is under no duty to prove prejudice from failure to file. 3 Larson, *Workmen's Compensation Law* § 78.20, at 15–106 (1989). Instead, the statute of limitations presumes that delay in filing results in the "enhanced difficulty of preparing a defense." *Id.* at 15–107.

The Iron Works argues, in Ventry's case, that the prescription Motrin issued by the first aid office does not constitute a payment under the Act. Because we believe both claims are barred by the statute of limitations, we do not rule on this issue.

The entry is:

Judgments affirmed.

McKUSICK, C.J., and WATHEN and CLIFFORD, JJ., concurring.

GLASSMAN, J., with whom Roberts, J., joins, dissenting.

I disagree with the court's interpretation of the Workers' Compensation Act and therefore cannot concur with the court's opinion affirming the Appellate Division's decisions as to Harvie and Ventry. Accordingly, I would vacate the decisions of the Appellate Division with instructions to remand Harvie's petition to the Commissioner for further proceedings and to affirm the decision of the Commissioner as to Ventry.

39 M.R.S.A. § 95 (Supp.1988) in effect for the relevant time period states in pertinent part:

Any employee's claim for compensation under this Act shall be barred unless an agreement or a petition as provided in section 94 shall be filed within 2 years after the date of the injury, or, if the employee is paid by the employer or the insurer, without the filing of any petition or agreement, within 2 years of any payment by such employer or insurer for benefits otherwise required by this Act.... No petition of any kind may be filed more than 10 years following the date of the last payment made under this Act.

It should be noted that as enacted in 1965, section 95 provided in pertinent part:

Any employee's claim for compensation under this Act shall be barred unless an agreement or a petition as provided in section 94 shall be filed within *2 years of the date of the accident*.... No petition of any kind may be filed more than *10 years following an accident.*

P.L.1965, ch. 408, § 9 (emphasis added). Shortly thereafter, the last sentence was amended to set forth the present provision: "No petition of any kind may be filed more than 10 years following *the date of the latest payment made under this Act.*" P.L.1965, ch. 489, § 8 (emphasis added). In

1975, the Legislature further amended section 95 by adding the additional language to the first sentence as contained in the present provision:

> Any employee's claim for compensation under this Act shall be barred unless an agreement or a petition as provided in section 94 shall be filed within 2 years after the date of injury, *or, if the employee is paid by the employer or the insurer, without the filing of any petition or agreement within 2 years of any payment by such employer or insurer for benefits otherwise required by this Act.*

P.L.1975, ch. 372 (emphasis added).

In the instant cases, it is not disputed that Bath Iron Works knew of the work-connected injuries suffered by each employee in 1979 and that no agreement or petition was filed within two years of the injuries. Thus the employees' claims for compensation will be barred if the employees failed to file their claims "within 2 years of *any payment* by such employer or insurer for benefits otherwise *required by this Act.*" 39 M.R.S.A. § 95 (emphasis added). The court interprets this language as if it read "if there is no agreement or petition and at any time after the date of injury there is a lapse of 2 years during which the employer has not paid any benefits to the employee, any claim by the employee on account of that injury is forever barred." This is in contravention of the clear and unambiguous language of the 1975 amendment to section 95. *See Stanley v. Tilcon Maine, Inc.,* 541 A.2d 951, 952 (Me.1988) ("When the language of the statute is clear and unambiguous, we will give the statute its plain meaning.").

It is without dispute that when Bath Iron Works made payments for the medical treatments provided to Harvie in the summer of 1979 and for the treatments provided by the same doctor in 1984 and the later arthroscopic surgery performed in 1985, it knew the payments were for the medical treatment of the 1979 work-connected injury suffered by Harvie. These payments fall within the benefits required by the Workers' Compensation Act. *See* 39 M.R.

S.A. § 51 (Supp.1988) (employee's entitlement to medical and other services for injuries arising out of and in the course of his employment); *see also Johnson v. Bath Iron Works Corp.,* 551 A.2d 838, 839–40 (Me.1988) (payment of attorney fees and witness fees are benefits referred to in section 95 and can toll limitation period); 3 A. Larson, *The Law of Workmen's Compensation* §§ 78.43(h) (medical payment as compensation), 78.43(a) (when employer voluntarily makes compensation payments, period for filing claim runs from date of last payment). If Bath Iron Works were to avoid the effect of the 1975 amendment to section 95, it could have done so by refusing to make payment of the bills for the medical care of Harvie in 1984 and 1985. Its present defense of the statute of limitations would, under such circumstances, be clearly applicable to any petition thereafter filed by Harvie. Because Harvie filed the petition at issue here in 1985, well within the two-year limitation period following the 1984–1985 payments as provided by section 95, I would vacate the decision of the Appellate Division with instructions to remand this matter to the Commissioner for further proceedings.

Ventry applied for and received workers' compensation for his injury in 1979 with the last payment made in 1980. He remained fully employed. On September 14, 1984 he visited the first aid office at BIW and received a bottle of motrin for swelling in the ankle he injured in 1979. The Commissioner found that the swelling was related to the 1979 injury, and the employer clearly recognized that the medical treatment rendered to Ventry on September 14 was for Ventry's 1979 work-related ankle injury and that the first aid treatment constituted the equivalent of a payment under the Act. These findings were affirmed by the Appellate Division. In December 1984 Ventry filed the present petition. These circumstances present the issue, novel to this court, of whether medical care received by an employee at a first aid facility provided by the employer on the employer's premises is "any payment by such employer for benefits otherwise required by this Act." 39 M.R.S.A. § 95. I find no basis

under the clear language of the statute to distinguish medical care on the basis of where and to what extent it is administered. *See* 3 A. Larson, *The Law of Workmen's Compensation* § 78.43(h) (1989) (no longer accepted rule that first aid provided by employer is not sufficient payment of compensation to toll statute). Because Ventry's petition was filed well within 2 years of payment of benefits to him by the employer, I would vacate the decision of the Appellate Division and affirm the decision of the Commissioner.