Wing v. Davric Maine Corp., CV-08-188 (Superior Ct. Cumberland)

Before the court is defendant's motion for judgment as a matter of law pursuant to M.R.Civ.P 50(a) and (b). The issue turns on whether 14 M.R.S. §159-A applies to Scarborough Downs under the circumstances of this case.

At the outset, the plaintiff has conceded that if § 159-A(2) applies and he is required to show a willful or malicious failure by Scarborough Downs to guard or warn against a dangerous condition, see 14 M.R.S. §159-A(4)(A), the motion should be granted. Plaintiff argues, however, that § 159-A was never intended to cover a situation where a harness racing driver is pursuing a claim based on a dangerous condition at a commercial harness racing track. In such a situation, plaintiff contends, the track is subject to liability for a negligent failure to protect harness drivers against dangerous conditions on the premises.

The operative provision of §159-A is §159-A(2), which provides:

An owner, lessee, manager, holder of an easement or occupant of premises does not have a duty of care to keep the premises safe for entry or use by others for recreational or harvesting activities or to give warning of any hazardous condition, use, structure or activity on these premises to persons entering for those purposes. This subsection applies regardless of whether the owner, lessee, manager, holder of an easement or occupant has given permission to another to pursue recreational or harvesting activities on the premises.

The statute applies to improved and unimproved lands and any structures on those lands. § 159-A(1)(A). Commercial enterprises are not exempted from the statute unless they grant recreational access to their premises for a consideration. § 159-A(4)(B); Stanley v. Tilcon Inc., 541 A.2d 951, 953 (Me. 1988). The case therefore turns on whether, under the circumstances of this case, harness racing constituted a "recreational activity."

The term "recreational activities" is defined in the statute, in somewhat circular terms, as "recreational activities conducted out-of-doors, including . . . equine activities . . . ." § 159-A(1)(B). Wing's activity as a harness driver certainly qualifies as an "equine activity," but the fundamental question is whether it was "recreational."[1] No separate definition of "recreational" is provided.

This is a close question. First, the Law Court has consistently ruled that §159-A should be broadly construed, see Hafford v. Great Northern Nekoosa Corp., 687 A.2d 967, 969 (Me. 1996); Robbins v. Great Northern Paper Co., 557 A.2d 614, 616 (Me. 1989), and it has applied § 159-A even in situations where property owners are not making

---

[1] Although the parties have submitted some legislative history relating to the addition of the words "equine activities" to the statute in 1996, that history does not resolve the issue. "Equine activities" appears to have been added for illustrative purposes. Even before the addition of those words, allowing a harness driver on the premises would have been subject to §159-A if the driver was using the premises for recreational activity within the meaning of that section.

their lands available to the public for recreation. See Stanley v. Tilcon Inc., 541 A.2d at 953.[2] Second, the common understanding of recreation is an activity that does not constitute work and is performed as a diversion. In the court's view, under that definition the testimony at trial established that Russell Wing was driving for recreation on the date that he was injured.[3] Third, this is not a case where permission to pursue a recreational activity was granted "for a consideration." 14 M.R.S. § 159-A(4)(B). It is undisputed that drivers at Scarborough Downs do not pay entry or admission fees except in special circumstances not present here. Moreover, while Wing argues that his presence in the race conferred a generalized benefit to Scarborough Downs, the Law Court has ruled that the "consideration" exception to § 159-A should be narrowly construed and essentially limited to entrance and admission fees. Robbins, 557 A.2d at 616-17.

Plaintiff argues that there were contractual arrangements in effect between the Horsemen's Association and Scarborough Downs and that Scarborough Downs offered consideration to drivers (in the form of prize money) for the top five finishers. Under the narrow construction of "consideration" in Robbins, however, these facts are irrelevant.

At the same time, the court acknowledges that the drafters of §159-A may not have specifically contemplated that a commercial harness racetrack would be able to invoke § 159-A. Moreover, although Wing was a recreational driver, other harness racing drivers using the track that same day (including some in the same race where Wing was injured) were professionals who make their living from harness racing. Those drivers were working, not engaging in recreational activity. Applying §159-A in this case would therefore mean that Scarborough Downs owed different legal duties to drivers in the same race with respect to dangerous track conditions. Arguably this would be an illogical result.

The Law Court has stated that, in the absence of ambiguity, the court must look to the plain meaning of the statutory language, seeking to give effect to the intent of the Legislature and construing the statutory language to avoid illogical or inconsistent results. See, e.g., Fournier v. Elliott, 2009 ME 25 ¶ 11, 966 A.2d 410, 413; Estate of Chartier, 2005 ME 17 ¶6, 866 A.2d 125, 127. Applying these principles, and mindful that the immunity in § 159-A is to be broadly construed, the court concludes that, under its plain language, § 159-A is applicable in this case unless the presence of non-recreational drivers on the same track would be sufficiently illogical to require a different interpretation.

The court does not find that this seeming anomaly negates the applicability of § 159-A. In a case where it is alleged that a landowner negligently failed to guard or warn against a dangerous condition existing on a private road across the landowner's

---

[2] This aspect of the Stanley decision was later codified by the addition of the final sentence of § 159-A(2) in 1996.

[3] Neither party requested that the issue of whether Wing was driving for recreation be submitted to the jury. Prior to the submission of the case to the jury, however, Wing did not contest that he personally was driving for recreation on the day he was injured, although he vigorously disputed the applicability of § 159-A on other grounds.

property, the landowner would owe different duties to two drivers on the same road if one was traveling for recreational purposes and the other was a UPS driver making a delivery. The statute therefore necessarily contemplates a difference in treatment depending on the purpose and nature of the activity conducted by the plaintiff on the premises.

Two other points should be addressed. First, plaintiff has argued that applying § 159-A would negate a regulatory requirement that Scarborough Downs provide insurance for injuries sustained while racing. The court disagrees. The insurance requirement does not depend on whether Scarborough Downs is liable for negligence. Instead, it applies to any racing injury sustained, regardless of negligence on the part of Scarborough Downs. In an inherently dangerous sport such as harness racing, this makes sense.

Second, the court is always reluctant to issue a ruling that has the effect of disturbing a jury verdict. Here, however, the court made clear to all parties that it was submitting the case to the jury without prejudice to the applicability of § 159-A and the jury's verdict was premised on instructions that assumed that § 159-A was not applicable.

The court now finds § 159-A(2) to be applicable and requires judgment to be entered for defendant. This ruling makes it unnecessary to decide the remaining issue that the parties agreed would be determined by the court without a jury – whether the Hartford Insurance policy was a collateral source and if not, the effect of that policy on the amount to be recovered by plaintiff.

The entry shall be:

Defendant's motion for judgment as a matter of law is granted and judgment shall accordingly be entered in favor of defendant. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: July _30_, 2009

Thomas D. Warren
Justice, Superior Court

3

RUSSELL WING JR VS DAVRIC MAINE CORPORATION
UTN:AOCSsr  -2008-0033691                    CASE #:PORSC-CV-2008-00188
------------------------------------------------------------------------
SEL VD                              REPRESENTATION TYPE       DATE
01 0000002658 ATTORNEY:MACCOLL, EDWARD
ADDR:120 EXCHANGE ST, 6TH FLOOR PO BOX 447 PORTLAND ME 04112-0447
    F FOR:DAVRIC MAINE CORPORATION           DEF       RTND   03/31/2008

02 0000000868 ATTORNEY:RANCOURT, CRAIG
ADDR:13 CRESCENT STREET BIDDEFORD ME 04005
    F FOR:RUSSELL WING, JR                    PL        RTND   03/31/2008




        Enter Option: A=Add, B+Sel=Browse, M=More, R+Sel=RltnEdit:

Select the EXIT KEY for page selection line.