**Wilmer HAFFORD, et al.**

v.

**GREAT NORTHERN NEKOOSA CORP.**

Supreme Judicial Court of Maine.

Submitted on briefs Nov. 22, 1996.

Decided Dec. 31, 1996.

---

Alan Harding, Presque Isle, ME, for Plaintiff.

Charles Harvey, Harvey & Frank, Portland, ME, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, and DANA, JJ.

DANA, Justice.

Wilmer and Mary Hafford appeal from a summary judgment entered in the Superior Court (Aroostook County, *Pierson, J.*) concluding that Maine's recreational use statute, 14 M.R.S.A. § 159–A (Supp.1995), limits the liability of Great Northern Nekoosa Corporation for injuries Wilmer Hafford suffered on Great Northern's property. We affirm the judgment.

The Haffords operate an outfitting business called Allagash Outfitters. They rent canoes and camping equipment to people who want to paddle the Allagash Waterway and they sometimes provide transportation for paddlers to the "put-in" point on the river or drive their vehicles to the "take-out" site downstream. Great Northern owns property on the banks of the Allagash where a road runs along the river. The road is a continuation of a public way known as the Inn Road, that intersects with Route 161 in the town of Allagash. After the road enters Great Northern's land, there is a gate operated by the North Maine Woods Association, at which travelers must pay an entrance fee. North Maine Woods Association is the representative of a group of landowners who own property along the river. Hafford paid North Maine Woods $15 for a half-season pass that allowed him to enter Great Northern's property without paying a fee each time he passed through the gate.

In September 1989 Hafford and several of his employees were driving on Great Northern's road in Hafford's van to pick up his customers' vehicles. Before reaching the gate, Hafford came to an area where the road had been washed away by erosion. Several vans, belonging to Janice McBreairty, one of Hafford's competitors, were approaching Hafford on the road from the opposite direction. One of McBreairty's vans

collided with Hafford's vehicle and Hafford lost his leg in the accident.

Hafford filed a complaint against Great Northern alleging that it had breached its duty to maintain the road and ensure that users of the road were properly licensed and experienced drivers. The trial court granted a summary judgment for Great Northern, concluding that 14 M.R.S.A. § 159–A provides immunity from liability. The court also awarded Great Northern costs as provided by 14 M.R.S.A. § 159–A(6).

■■■ Hafford contends that the court erred in concluding that he was in pursuit of a recreational activity when the accident occurred. He argues that he could not have been pursuing a recreational activity within the meaning of 14 M.R.S.A. § 159–A because he was pursuing his outfitting business. "[W]e examine the record, viewing the evidence in the light most favorable to the plaintiffs and review the trial court's conclusions for errors of law." *Robbins v. Great Northern Paper Co.,* 557 A.2d 614, 616 (Me. 1989) (citing *Philbrook v. Gates Formed–Fibre Products, Inc.,* 536 A.2d 1118, 1119 (Me.1988)).

■■■ The statute, in relevant part, provides:

> An owner, lessee, manager or occupant of premises does not have a duty of care to keep the premises safe for entry or use by others for recreational or harvesting activities or to give warning of any hazardous condition, use, structure or activity on these premises to persons entering for those purposes.

14 M.R.S.A. § 159–A(2) (Supp.1995). The statute defines "recreational activity" as "activities conducted out-of-doors, including, but not limited to ... canoeing.... It includes entry, use of and passage over premises in order to pursue these activities." § 159–A(1)(B). We construe the immunity provision of section 159–A broadly. *Robbins,* 557 A.2d at 616.

The trial court correctly concluded that Hafford's travel over Great Northern's land was an action in pursuit of the use of property for recreation even though Hafford was paid by his customers to provide transportation. Hafford was passing over Great Northern's land to facilitate his customers' recreational pursuits; his status as a commercial outfitter does not change the fact that he was using the land for recreational purposes.

■■■ Hafford next contends that even if he were pursuing a recreational activity when the accident occurred, Great Northern is not protected by the statute because it charged a fee for entry onto its property, thus invoking an exception to limited liability as provided in subsection (4)(B) of the statute. We disagree.

Section 159–A(4)(B) provides that a landowner is not entitled to limited liability when "permission to pursue any recreational or harvesting activities was granted for a consideration...." Even if Hafford's payment of $15 to the North Maine Woods Association could be construed as consideration paid to use the road where the accident occurred, this exception to limited liability does not apply when "the premises are not used primarily for commercial recreational purposes and ... the user has not been granted the exclusive right to make use of the premises for recreational activities...." 14 M.R.S.A. § 159–A(4)(B)(2). Because there is no evidence in the record that Great Northern's property was used primarily for commercial recreational purposes or that Hafford had been granted the exclusive right to use the land, his payment of $15 does not invoke the "consideration" exception to the landowner's limited liability.

The entry is:

Judgment affirmed.

All concurring.