2001 ME 49

**Angela DICKINSON**

v.

**Clarence CLARK.**

Supreme Judicial Court of Maine.

Argued:  Dec. 12, 2000.
Decided:  March 15, 2001.

---

Benjamin A. Lowry, Esq., Humphrey Johnson, Esq., (orally), Lowry & Associates, Portland, for plaintiff.

David C. King, Esq., Edith A. Richardson, Esq., (orally), Rudman & Winchell, LLC, Bangor, for defendant.

Panel: WATHEN, C.J., and CLIFFORD, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

DANA, J.

[¶ 1] Angela Dickinson appeals from the entry of a summary judgment in favor of Clarence Clark in the Superior Court (Aroostook County, *Pierson, J.*) contending that Maine's Recreational Use Statute, 14 M.R.S.A. § 159–A (Supp.2000), does not insulate Clarence from liability; that there are questions of material fact as to whether Clarence may be found negligent for supplying dangerous machinery for use by a minor pursuant to section 388 of the RESTATEMENT (SECOND) OF TORTS (1965); and that, pursuant to section 343A of the RESTATEMENT (SECOND) OF TORTS (1965), there is a question of fact as to whether Clarence should have anticipated that the wood splitting activity on his land would result in harm to Angela. Because we conclude that Maine's Recreational Use Statute and section 343A do not apply to this negligent supervision claim and a question of material fact exists pursuant to section 388, we vacate the judgment.

[¶ 2] The following facts are not in dispute. In October of 1997, Angela, with her mother, Cindy Clark; her stepfather, David Clark; and her brother, Nicholas Dickinson, visited her step-grandfather, Clarence Clark. The visitors came to split wood that David had cut from Clarence's wood lot behind his house. Early in the day, David had been loading Clarence's splitter, but at the time of Angela's accident David was using a chain saw to cut up large logs. Clarence turned the splitter on while David was sawing, then he began to move the cut wood toward the splitter. Cindy ran the controls of the splitter. Angela had worked around the splitter before, and had operated the lever in the past, but had never loaded the splitter, and had never received instructions. Clarence did not warn or instruct Angela about the use of the splitter and he did not prevent her from loading it despite his awareness of a label warning against allowing minors to use the splitter. In the process of

splitting her first piece of wood, Angela's right hand was severed.

[¶ 3] Angela filed a complaint alleging that Clarence "was negligent in the supervision and instruction regarding the operation of [the] wood splitter." The court granted Clarence's motion for a summary judgment on the ground that there was no genuine issue as to any material fact and Clarence was entitled to a judgment as a matter of law. Angela moved for findings of fact and conclusions of law, but the court denied her request pursuant to M.R. Civ. P. 52(a).

[¶ 4] We review a summary judgment "for errors of law, viewing the evidence in the light most favorable to the party against whom the judgment was entered." *Holland v. Sebunya*, 2000 ME 160, ¶ 8, 759 A.2d 205, 209 (quoting *Peterson v. State Tax Assessor*, 1999 ME 23, ¶ 6, 724 A.2d 610, 612). A summary judgment is proper "if the evidence demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law." *Id.* (brackets in original) (quoting *Peterson*, ¶ 6, 724 A.2d at 612). We must "independently determine whether the record supports a summary judgment." *Kezer v. Mark Stimson Assocs.*, 1999 ME 184, ¶ 11, 742 A.2d 898, 902.

## I.

[¶ 5] Angela contends that Maine's Recreational Use Statute is a premises liability statute that does not apply to this negligent supervision of machinery; the statute was intended to apply to wild lands, not residential property; the statute was intended to protect landowners from suits by members of the public, not individuals personally invited to the premises; and Angela was not involved in "the harvesting or gathering of forest ... products," within the meaning of the statute. Clarence agrees that the complaint does not allege premises liability, but contends that, should the court find otherwise, the statute applies because Angela and her family were engaged in a harvesting activity on Clarence's land. Clarence contends, as well, that the statute applies when the injury occurred on residential property and when the injured party was invited to the premises.

[¶ 6] The Recreational Use Statute provides, in relevant part:

2. **Limited duty.** An owner ... of premises does not have a duty of care to keep the premises safe for entry or use by others for recreational or harvesting activities or to give warning of any hazardous condition, use, structure or activity on these premises to persons entering for those purposes. This subsection applies regardless of whether the owner ... has given permission to another to pursue recreational or harvesting activities on the premises.

3. **Permissive use.** An owner ... who gives permission to another to pursue recreational or harvesting activities on the premises does not thereby:

A. Extend any assurance that the premises are safe for those purposes;

B. Make the person to whom permission is granted an invitee or licensee to whom a duty of care is owed; or

C. Assume responsibility or incur liability for any injury to person or property caused by any act of persons to whom the permission is granted.

14 M.R.S.A. § 159–A. For the purposes of the statute, "recreational or harvesting activities" means "recreational activities conducted out-of-doors," which includes "the harvesting or gathering of forest, field or marine products." *Id.* § 159–A(1)(B).

[¶ 7] "We construe the immunity provision of section 159–A broadly." *Hafford v. Great Northern Nekoosa Corp.*, 687 A.2d 967, 969 (Me.1996) (citing *Robbins v. Great Northern Paper Co.*, 557 A.2d 614, 616 (Me.1989)); *see Stanley v. Tilcon Maine, Inc.*, 541 A.2d 951, 953 (Me.1988) (holding that the statute applies even if the injured

party is a minor). Nonetheless, the Recreational Use Statute only limits claims that allege premises liability. The statute limits the duty of the owner to "give warning of any hazardous ... activity on these premises ...." 14 M.R.S.A. § 159–A(2). Angela's complaint alleges negligent supervision and instruction on the use of the splitter, not a failure to disclose a hazardous activity on the land. The statute does not prevent Angela from bringing this claim against Clarence for failing to supervise and instruct her about the proper use of the splitter.[1]

## II.

■ [¶ 8] Angela contends that there are questions of material fact as to whether, pursuant to section 388 of the RESTATEMENT (SECOND) OF TORTS, Clarence used reasonable care to inform her of the facts that would make the operation of the splitter likely to be dangerous. According to Angela, Clarence knew that a label on the splitter warned against allowing minors to operate the equipment, but he failed to respond when Angela took over loading the splitter. Clarence contends that he did not owe a duty to Angela pursuant to section 388 because subsection (b) indicates that there is no duty to warn when a danger is obvious and would be disclosed by a casual inspection.

[¶ 9] Section 388 of the RESTATEMENT (SECOND) OF TORTS provides:

> One who supplies directly or through a third person a chattel for another to use is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier
>
> (a) knows or has reason to know that the chattel is or is likely to be danger-

ous for the use for which it is supplied, and

> (b) has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition, and
>
> (c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous.

RESTATEMENT (SECOND) OF TORTS § 388. Although the danger associated with the operation of a wood splitter may be obvious to an adult within the meaning of the RESTATEMENT, just like the dangers associated with using a pocket knife, an axe, a planer, a gun, or an industrial potato grinder, *see Plante v. Hobart Corp.*, 771 F.2d 617, 619–20 (1st Cir.1985); *see also Laaperi v. Sears, Roebuck & Co., Inc.*, 787 F.2d 726, 730–31 (1st Cir.1986) (stating that the risks of cutting oneself with a knife, burning oneself on a stove, or injuring or killing a person by firing a BB gun at close range are obvious); *Estate of Schilling v. Blount, Inc.*, 152 Wis.2d 608, 449 N.W.2d 56, 61 (Ct.App.1989) (holding, pursuant to section 388, that a bullet manufacturer had no duty to warn of the dangerousness of bullets because the danger involved with handling loaded weapons is obvious), we cannot say as a matter of law that the dangers involved with loading the splitter would be obvious to a sixteen year old. Whether Clarence had "no reason to believe" that Angela would realize the splitter's dangerousness is a question of fact. *See* RESTATEMENT (SECOND) OF TORTS § 388(b). It may be established that Clarence breached a duty he owed to Angela.

## III.

■ [¶ 10] Angela contends that there is a genuine issue of fact regarding whether, even if the danger is obvious, Clarence failed properly to react to the risk of harm

---

**1.** Because of our belief that the statute is inapplicable here, we need not decide whether the splitting of the logs to produce fire-

wood is a part of "the harvesting or gathering of forest ... products." 14 M.R.S.A. § 159–A(1)(B).

that existed. *See* RESTATEMENT (SECOND) OF TORTS § 343A. According to Clarence, section 343A does not apply because Angela's complaint does not allege premises liability and because a landowner has no duty to a person whose injury resulted from her voluntary participation in an activity on his land that he did not supervise, and over which he exercised no control.

[¶ 11] We have applied section 343A(1) of the RESTATEMENT (SECOND) OF TORTS in premises liability cases. *Colvin v. A R Cable Servs.-ME, Inc.,* 1997 ME 163, ¶ 8, 697 A.2d 1289, 1291; *see, e.g., Coffin v. Lariat,* 2001 ME 33, 766 A.2d 1018 (affirming summary judgment because instability of mobile home that dropped on plaintiff's foot was obvious). Section 343A provides, in pertinent part: "A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor would anticipate the harm despite such knowledge or obviousness." RESTATEMENT (SECOND) OF TORTS § 343A(1); *Williams v. Boise Cascade Corp.,* 507 A.2d 576, 577 (Me.1986).

[¶ 12] Angela's complaint alleges negligent supervision and instruction on the use of a piece of equipment, which is not a claim based on premises liability. Section 343A, therefore, does not apply.

The entry is:

Judgment vacated. Remanded to the Superior Court for further proceedings consistent with this opinion.