STATE OF MAINE                               SUPERIOR COURT
KENNEBEC, SS.                                Docket No. CV-02-28

STATE OF MAINE and          )
  MAINE DEPARTMENT OF        )
  ENVIRONMENTAL             )
PROTECTION,                 )
          PlaintiffS,       )
                            )
                            )
          v.                )              **ORDER ON MOTION**
                            )              **FOR SUMMARY JUDGMENT**
                            )
                            )
HENRY MINERVINO, d/b/a      )
LONG BEACH MARINA,          )
LONG BEACH MARINA INC.      )              DONALD L. GARBRECHT
and AUTO MARINE INC.,       )              LAW LIBRARY
          Defendants/       )
     Third Party Plaintiffs. )             SEP 4 2002
                            )
                            )
          v.                )
                            )
                            )
COUNTRY GAS INC. and        )
 DALE MCBURNIE, d/b/a       )
MCBURNIE OIL CO.,           )
     Third Party            )
       Defendants.          )

     This matter comes before the court on the plaintiffs' Motion for
Summary Judgment and the defendants' cross motion.

### Facts:

     This case involves an action by the Department of Environmental
Protection (DEP) to enforce reimbursement of $5000 of the cost of disposal

of contaminated water associated with the removal of an underground oil storage tank at Long Beach Marina in Sebago. The following facts are undisputed.

In 1995, when the oil tank was removed and the contaminate water disposed of, defendant Henry Minervino was the operator of the Long Beach Marina. Minervino applied to the Groundwater Clean-up Fund for coverage of the clean-up costs pursuant to 38 M.R.S.A. §§ 562-A(2), 568-A(1). The application for coverage included the following language: "[b]y signing this agreement, the applicant . . . agrees to pay to pay all initial costs for clean-up and settlement of any third party damages up to the deductible amount specified in 38 M.R.S.A., Section 568 (A-2) . . ." The deductible amount for Minervino's application was $5000 because there were two tanks located at the marina facility.

In an order dated December 4, 1995, the DEP found Minervino eligible for coverage and it eventually paid out a total of $13,820.71 for clean-up expenses. The December order also ordered Minervino to meet his deductible obligation of $5000, as provided by statute. Because this order failed to include a notice of the right to appeal, two additional letters were sent, On January 26 and February 2, 1996 notifying Minervino of the 30-day appeal period.[1] In four subsequent requests between 1996 and 1999, the DEP unsuccessfully sought payment from Minervino. It eventually referred the matter to a collection agency which was also unsuccessful.

On February 7, 2002, the DEP filed this action in Superior Court seeking payment of the $5000, plus interest accrued from 1995, and litigation costs. The Complaint lists as defendants Henry Minervino d/b/a Long Beach Marina, Long Beach Marina, Inc. (current owner of record) and Auto Marine, Inc. (owner of record at the time of the contamination clean-up). All the named defendants jointly moved to dismiss based. *inter alia*, on the expiration of the statute of limitations. The motion was denied on July 5, 2002. The State now moves for summary judgment as to defendant Henry Minervino only, not the two business corporations that are also named as parties-in-interest.

## Discussion:

---

[1] The Complaint contains allegations that Minervino filed an appeal in March, 1998, but the Fund Insurance Review Board dismissed the appeal as untimely.

A summary judgment is proper if the citations to the record found in the parties' Rule 56(h) statements demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Dickinson v. Clark*, 2001 ME 49, ¶ 4, 767 A.2d 303. "The party having the burden of proof at trial is 'required to produce evidence sufficient to resist a motion for a [judgment as a matter of law] if it produced at trial nothing more than was before the court on its motion for a summary judgment.'" *Fleming v. Gardner*, 658 A.2d 1074, 1076 (Me. 1995) (quoting *Keyes Fibre Co. v. Lamarre*, 617 A.2d 213, 214 (Me. 1992).

The State moves for summary judgment asserting that Minervino is liable because he (1) applied for clean-up cost coverage, (2) agreed in the application to pay the deductible, (3) was ordered to pay $5000 as a deductible, and (4) has failed to do so.

The defendant responds by reiterating the statute of limitations argument he made in his motion to dismiss and by pointing out that the notice required under M.R. Civ. P. 7(b)(1)(B) (regarding proper means of opposing a motion for summary judgment) was omitted from the State's motion.

Failure to provide the 7(b)(1)(B) notice is not fatal to the State's motion. The Advisory Committee notes (2001) explain the purpose of the rule as providing unrepresented litigants with a means of properly responding to a motion for summary judgment. The notes provide that "[w]here litigants . . . are improperly notified of the requirements of Rule 56(h), trial courts may be more flexible in considering responses that do not meet the requirements of the rule." Here, the plaintiff has met the requirements of Rule 56(h) and, while the failure to include the notice should be brought to the State's attention, it does not require the court disregard the State's motion.

Relying on the doctrine of *nullum tempus occurit regi* [time does not run against the king] to the defeat the statute of limitations argument, the court earlier denied the defendant's motion to dismiss. As Minervino presents no new arguments and there are no disputed issues of material fact, the court sees no reason to deny the DEP's motion for summary judgment. The legal analysis set forth in the order dated July 5, 2002, is incorporated herein.

Even if the statute of limitations did apply to the State, it would not apply in this case. The defendant treats the complaint as if it were a brand new legal action for breach of contract, but it is really more in the nature of an action to enforce the prior valid administrative order of the DEP. The

order dated December 4, 1995, was issued pursuant to 38 M.R.S.A. §568-A (1)(F). If an applicant disagrees with some part of the order - in this case payment of the $5,000 deductible - the statute provides that he may appeal that order to the Fund Insurance Review Board, and if unsuccessful there, may seek judicial review pursuant to M.R.Civ.P. 80C. Minervino tried to follow this appeal procedure, but was too late (see footnote 1). In other words, by March 1998 Minervino's liability and the amount had already been administratively adjudicated and he had had his opportunity for appeal. Rather than obey the DEP order and pay the deductible, Minervino did nothing. The court concludes that under these circumstances, the general statute of limitations set forth in 14 M.R.S.A. §752 simply does not apply.

For the reasons set forth above, the entry will be: Motion granted and ORDERED that judgment shall be entered for the plaintiff against defendant Henry Minervino in the amount of $5,000 plus statutory interest of 15% from December 12, 1995.


Dated:  August 26, 2002

S. KIRK STUDSTRUP
JUSTICE, SUPERIOR COURT

STATE OF MAINE - PLAINTIFF

Attorney for: STATE OF MAINE
MARY SAUER
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

MAINE DEPARTMENT OF ENVIROMENTAL PROTECTION - PLAINTIFF

Attorney for: MAINE DEPARTMENT OF ENVIROMENTAL
PROTECTION
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006


vs
HENRY MINERVINO  - DEFENDANT

Attorney for: HENRY MINERVINO
FRANCIS M JACKSON
JACKSON & MACNICHOL
85 INDIA ST

PORTLAND ME 04112

LONG BEACH MARINA - DEFENDANT

Attorney for: LONG BEACH MARINA
FRANCIS M JACKSON
JACKSON & MACNICHOL
85 INDIA ST

PORTLAND ME 04112

LONG BEACH MARINA INC - DEFENDANT

Attorney for: LONG BEACH MARINA INC
FRANCIS M JACKSON
JACKSON & MACNICHOL
85 INDIA ST

PORTLAND ME 04112

AUTO MARINE INC - DEFENDANT

Attorney for: AUTO MARINE INC
FRANCIS M JACKSON
JACKSON & MACNICHOL
85 INDIA ST

PORTLAND ME 04112

COUNTRY GAS, INC. - THIRD PARTY DEFENDANT

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CV-2002-00028


**DOCKET RECORD**

Attorney for: COUNTRY GAS, INC.
DAVID VAN DYKE
BERMAN & SIMMONS
PO BOX 961
129 LISBON STREET
LEWISTON ME 04243-0961


DALE MCBURNIE  - THIRD PARTY DEFENDANT

Attorney for: DALE MCBURNIE
DAVID VAN DYKE
BERMAN & SIMMONS
PO BOX 961
129 LISBON STREET
LEWISTON ME 04243-0961


Filing Document: COMPLAINT                    Minor Case Type: OTHER STATUTORY ACTIONS
Filing Date: 02/07/2002

## Docket Events:

02/07/2002 FILING DOCUMENT - COMPLAINT FILED ON 02/07/2002
          Defendant's Attorney:  MARY SAUER
          WITH ATTACHED EXHIBITS AND COPY OF SUMMONSES, FILED.


02/07/2002 Party(s):  STATE OF MAINE
          ATTORNEY - RETAINED ENTERED ON 02/07/2002
          Defendant's Attorney:  MARY SAUER


02/07/2002 Party(s):  MAINE DEPARTMENT OF ENVIROMENTAL PROTECTION
          ATTORNEY - RETAINED ENTERED ON 02/07/2002
          Defendant's Attorney:  MARY SAUER


02/07/2002 CERTIFY/NOTIFICATION - CLERK CERTIFICATE ISSUED ON 02/07/2002


02/12/2002 NOTE - OTHER CASE NOTE ENTERED ON 02/12/2002
          NON EXEMPT


03/18/2002 Party(s):  HENRY MINERVINO
          SUMMONS - ACK OF RECEIPT OF SUMM/COMP FILED ON 03/14/2002
          NOTICE AND ACKNOWLEDGEMENT FOR SERVICE BY MAIL WAS FILED, BUT NOT DATED.  CALLED M. SAUER,
          AAG FOR DATE.


03/18/2002 Party(s):  LONG BEACH MARINA INC
          SUMMONS - ACK OF RECEIPT OF SUMM/COMP FILED ON 03/14/2002


03/18/2002 Party(s):  AUTO MARINE INC
          SUMMONS - ACK OF RECEIPT OF SUMM/COMP FILED ON 03/08/2002


03/28/2002 Party(s):  HENRY MINERVINO,LONG BEACH MARINA,LONG BEACH MARINA INC,AUTO MARINE INC
          MOTION - MOTION TO DISMISS FILED ON 03/28/2002
          Defendant's Attorney:  FRANCIS M JACKSON
          REQ. FOR HEARING AND PROP. ORDER.