STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV 02-163
GAB-YOR- 1/27/2004

ROSE BONIN, as Mother and
Next Friend of ADAM MARCHAND,

Plaintiff

v.

ROGER CREPEAU,

Defendant

ORDER

DONALD L. GARBRECHT
LAW LIBRARY

FEB 6 2004

Before this court is Defendant, Roger Crepeau's Motion for Summary Judgment, pursuant to M.R. Civ. P. 56. Following hearing, the motion will be Granted.

## FACTS

Plaintiff Adam Marchand was a friend of Damien Tillman. Defendant, Roger Crepeau, was a social acquaintance of Annette McKey, Damien's mother. Accordingly, on the weekend in question, Damien asked Plaintiff Marchand if he wanted to go to Jackman, Maine with his mother and Mr. Crepeau. On the ride to Jackman, Plaintiff Marchand discussed riding on Defendant's all terrain vehicle ("ATV"). During this discussion, Defendant suggested to Plaintiff Marchand that if it was acceptable with his parents he could ride the ATV. Plaintiff Marchand, however, had never ridden a dirt bike or any similar vehicle, except on one occasion during which he had operated a snowmobile. On that occasion, the Plaintiff fell off of the snowmobile, because the machine skidded on ice under the snow.

Upon arriving in Jackman, Damien and Plaintiff Marchand unpacked. The events following this, however, are disputed. Defendant asserts that they went outside

and Plaintiff Marchand watched Damien ride the ATV by himself for a while. Conversely, Plaintiff Marchand asserts that Damien offered him a Terrell Davis football card if he would ride as a passenger on the Defendant's ATV, at which point, Plaintiff Marchand recalls, Damien went out side and drove both of them around.

Both parties agree that during the first five minutes while Damien rode alone the Defendant watched. By the time Plaintiff Marchand decided to ride the ATV, however, Defendant asserts that he and Annette McKey were inside the house cooking. Plaintiff asserts, however, that he was unaware of the whereabouts of the Defendant and Annette McKey during the time when he was operating the ATV by himself. Plaintiff Marchand was ultimately injured while he was riding the ATV.

As a result of these events, on June 11, 2002, Plaintiff Marchand filed a Complaint in York County Superior Court. In response, Defendant filed a Motion for Summary Judgment, pursuant to M.R. Civ. P. 56.

## DISCUSSION

A party is entitled to summary judgment where there exists no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. M.R. Civ. P. 56(c); Saucier v. State Tax Assessor, 2000 ME 8, ¶ 4, 745 A.2d 972. A material fact is one having the potential to affect the outcome of the suit. Kenny v. Dep't of Human Services, 1999 ME 158, ¶ 3, 740 A.2d 560. A genuine issue exists when sufficient evidence supports a factual contest to require a fact finder to choose between competing versions of the truth at trial. Blanchet v. Assurance Co. of Am., 2001 ME 40, ¶ 6, 766 A.2d 71 (citation omitted).

In *Dickinson v. Clark*, the Law Court held that Section 388 of the Restatement (Second) of Torts is applicable to cases involving negligent supervision. Dickinson v. Clark, 2001 ME 49 at ¶ 9, 767 A.2d 303, 306. That specific section states as follows:

> [o]ne who supplies directly or through a third person a chattel for another to use is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied . . .

Restatement (Second) of Torts § 388. Accordingly, Defendant first argues that he did not "supply" Plaintiff Marchand with the ATV.

In the case at bar, Defendant contends that Plaintiff Marchand was at all times aware that he did not have consent or permission to use the ATV unsupervised or as the sole rider. (See Marchand Dep. at 18 – 19.) Conversely, Plaintiff Marchand argues that Defendant's conversation with him in the car on the way to Jackman seemed to indicate that if it was alright with his parents, then he could ride the ATV. (See Marchand Dep. p 12 at lines 4-7; p, 19 at lines 6-7.) This conversation however, unlike the facts presented in *Dickinson*, did not directly indicate to Plaintiff Marchand that he could ride the ATV. See Dickinson, 2001 ME 49 at ¶ 2, 767 A.2d at 302 (The step-granddaughter was operating dangerous machinery at the suggestion of the Defendant.) Hence, this court finds that Plaintiff Marchand did not have explicit permission to ride the ATV and therefore was not directly "supplied" the vehicle by the Defendant. However, that does not end the analysis.

Next, Defendant argues that he had no reason to believe that Plaintiff Marchand would not realize that the ATV was dangerous. Section 388 of the Restatement (Second) of Torts further provides that even an indirect "supplier" will be subject to liability if he or she "knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied; and has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition; and fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it

3

likely to be dangerous." Restatement of Torts (Second) § 388. Whether Defendant has "no reason to believe" is a question of fact. Dickinson, 2001 ME 49 at ¶ 9, 767 A.2d at 306.

First, Defendant admits that he knows that the ATV could be dangerous. Next, however, Defendant asserts that Plaintiff Marchand was already well aware of the danger. (See Marchand Dep. at p. 17 and p. 24.) Conversely, however, Plaintiff Marchand contends that his youth and inexperience demonstrate that he was not aware of the danger involved in operating the ATV. Although a dispute may exist as to whether the Defendant had "no reason to believe" that Plaintiff Marchand was aware of the danger, this court finds, based on Plaintiff Marchand's deposition testimony, that he was, in fact, aware of the danger associated with ATV use. Therefore summary judgment is appropriate. In fact, "the one time that [the Plaintiff] operated a snowmobile, he fell off because the machine skidded on ice under the snow." (Def. SMF at ¶ 8.)

Finally, this court notes that its conclusions would not be altered even with the addition of the supplemental facts presented by Plaintiff Marchand in its Motion for Leave to Amend. Therefore, this court finds that it is unnecessary to address Plaintiff Marchand's Motion for Leave to Amend.

WHEREFORE, this court **GRANTS** Defendant's Motion for Summary Judgment, pursuant to M.R. Civ. P. 56.

Dated: January 27, 2004

G. Arthur Brennan
Justice, Superior Court

Randall E. Smith, Esq. - PLS
Rick Winling, Esq.  - PLS
Christopher C. Dinan, Esq. - DEF

4