STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO AP-04-20
KEN-S[S-2/24/C(r

GARY QUINTAL,

        Petitioner

    v.

CITY OF HALLOWELL
and JAMES RHODES,

        Respondents

**SUMMARY JUDGMENT**

This matter comes before the court on the parties' cross-motions for limited summary judgment. The subject of both motions for partial summary judgment concerns the legality of the actions by the Hallowell Personnel Committee in determining that there was just cause to fire the petitioner. However, the parties come at this issue from different directions.

## Background

Petitioner Quintal had been employed for the preceding few years as Code Enforcement Officer, Plumbing Inspector, and Health Officer for the City of Hallowell. These positions are ones which are filled by appointment by the City Manager and ratified by the City Council, pursuant to the Charter of the City of Hallowell. However, these positions are also covered under a collective bargaining agreement between the City of Hallowell and the Granite City Employees Association ("Association"). According to the City of Hallowell Charter, appointed officers of the type like the petitioner ". . . may be removed by the Council upon written charges and after a public hearing on the same." (Charter, Article I, Section 3(d)). Quintal argues that only the Council and all of the Council could remove him from his appointed position under the

Charter, not the Personnel Committee created by the City Council through the City Manager, as was done in his case. Quintal's employment was terminated by the City Manager after a public hearing before and finding by the Personnel Committee that there was just cause for such termination. However, the Personnel Committee is comprised of city councilors but does not include the entire City Council. Quintal argues that this violates his rights to have the entire council review that employment decision pursuant to statute (30-A M.R.S.A. § 2601-A; 30-A M.R.S.A. § 2001(10)(B)) and under the charter.

On the other hand, the defendants argue that the City followed to the letter the procedure required under the Collective Bargaining Agreement which has to do with termination of employees. Unlike the respondents' earlier argument from the same Collective Bargaining Agreement that it preempted the jurisdiction of this court to hear a Rule 80B appeal, the present argument focuses on the procedure taken prior to that appeal. The argument also appears to invite the court to reexamine its decision of January 14, 2005, which denied the respondents' motion to dismiss on the basis of the Collective Bargaining Agreement, citing *Winston v. MTCS*, 631 A.2d 70 (Me., 1993.)

After weighing the arguments, the court concludes, as a matter of law, that the City followed the appropriate procedures vis-à-vis the termination of the petitioner and also, on reconsideration, concludes that the binding arbitration called for under the Collective Bargaining Agreement does preempt the Rule 80B appeal, though not any independent claims. The petitioner's statutory and charter arguments are persuasive as far as they go. However, what the arguments fail to acknowledge is that once a municipality has entered into a collective bargaining agreement, binding arbitration provisions of that agreement trump other procedures, which would apply, to

municipalities, which do not have collective bargaining with their municipal employees. As stated in the statute:

> If a collective bargaining agreement between a public employer and a bargaining agent contains provisions for binding arbitration of grievances involved the following matters: the demotion, layoff, reinstatement, suspension, removal, discharge or discipline of any public employee, such provision shall be controlling in the event they are in conflict with any authority and power involving such matters of such municipal civil service commission or personnel board or its agents.

26 M.R.S.A. § 969. In other words, in the event of a conflict concerning arbitration, the provisions of the contract will prevail if there is conflict with other granted powers or authority, regardless of their source.

In summary, the City of Hallowell, unlike some other municipalities, has a collective bargaining agreement with the bargaining unit representing its municipal employees. While the provisions of statute and the charter normally prevail, if there is a conflict the provisions of the contract are what control. There is no indication in the present case that the petitioner questions the processing of his termination pursuant to the contract. In fact, it was the petitioner, through his bargaining agent, who used the grievance provisions of the contract to pursue review of the employment decision all the way through the State Board of Arbitration and Conciliation. As a result, the respondents are entitled to partial summary judgment as to count I of the petitioner's complaint and the petitioner's motion will be denied.

The entry will be:

> Petitioner's motion for summary judgment is DENIED. The respondents' motion for summary judgment is GRANTED and summary judgment will be entered on count I of the complaint.

Dated: February 24, 2006

_____
S. Kirk Studstrup
Justice, Superior Court

Date Filed _____3/29/04_____ _____Kennebec_____ Docket No. __AP04-20_____
                                     County

Action _____Rule 80B Complaint_____                    **J. STUDSTRUP**

        Gary Quintal                          vs.   City of Hallowell & James Rhodes
Plaintiff's Attorney                               Defendant's Attorney

   Curtis Webber, Esq.                            ~~Thomas Federle, Esq.~~  Clifford Goodall, Es(
   83 Pleasant Street                             61 Winthrop Street     Mary Denison, Esq.
   P.O. Box 190                                   Augusta, Maine  04330-5502
   Auburn, Maine  04212-0190                      ─ Edward R. Benjamin, Esq.
                                                  Three Canal Plaza
                                                  P.O. Box 4630
                                                  Portland, Maine  04112
                                                  ─ James A. Billings, Esq. (co-counsel City of
                                                                              Hallowell)

| Date of Entry | |
|---|---|
| 3/29/04 | Rule 80B Complaint ( Injunctive Relief Requested), filed. s/Webber, Esq. |
| 3/30/04 | Notice of briefing schedule mailed to attys of record. |
| 4/1/04 | Entry of Appearance, filed. s/Federle, Esq. |
| 4/2/04 | Amended Rule 80B Complaint, filed. s/Webber, Esq.<br>Motion for Order Specifying Future Course of Proceedings, filed. s/Webber, Esq. |
| 4/5/04 | Acceptance of Service, filed. s/Federle, Esq. |
| 4/14/04 | Motion for Trial, filed. s/Webber, Esq.<br>Certificate of Service, filed. s/Webber, Esq. |
| 4/15/04 | City of Hallowell and James Rhodes' Answer to Plaintiff's Amended Complaint, Affirmative Defenses and Request for Jury Trial, filed. s/Benjamin, Esq. |
| 4/21/04 | Defendant's Objection to Plaintiff's Motion for Order Specifying Future Course of Proceedings and Motion to Dismiss Rule 80B Portion of Claim, filed. s/Benjamin, Esq.<br>Proposed Order, filed. |
| 4/28/04 | Reply to Objection to Motion to Specify Future Course of Proceedings and Request for Stay, filed. s/Webber, Esq. |
| 4/30/04 | Motion to Amend Rule 80B Complaint, filed. s/Webber, Esq.<br>Memorandum of Law in Support of Motion to Amend Rule 80B Complaint, filed. s/Webber, Esq. |
| 5/5/04 | Plaintiff's Motion for Extension of Time to file Brief and Record in the Rule 80B Appeal with Proposed Order, filed.  s/C. Webber, Esq. |
| 5/6/04 | Letter informing the court that Atty. Benjamin withdraws objection to request for extension of time to file the record and brief, filed. s/Webber, Esq. |
| 5/14/04 | ORDER, Marden, J.<br>Motion for extension of time granted subject to understanding in May 5, 2004 Webber letter.<br>Copies mailed to attys. |

STATE OF MAINE                                    SUPERIOR COURT
                                                  CIVIL ACTION
KENNEBEC, ss.                                     DOCKET NO. AP-04-20
                                                  SKg-KEN-3/o~~~

GARY QUINTAL,

        Plaintiff

        v.                                        **DECISION ON MOTION**
                                                  **FOR SUMMARY JUDGMENT**
CITY OF HALLOWELL
and JAMES RHODES,

        Defendants


        This matter comes before the court on the motion of defendants City of Hallowell

and James Rhodes for summary judgment as to remaining counts in the plaintiff's

complaint. This claim originally involved an appeal pursuant to M.R. Civ. P. 80B

(Count I) from the decision of the City of Hallowell terminating Mr. Quintal from his

position as Code Enforcement Officer, after hearing and finding by the City's Personnel

Committee that just cause existed to terminate him. This count was the subject of a

summary judgment granted to the defendants by order dated February 24, 2006.

However, that partial summary judgment left for decision additional claims pursuant to

42 U.S.C. § 1983 for alleged violation of plaintiff's First and Fourteenth Amendment

rights under the U.S. Constitution (Count II), a statutory claim for alleged violation of

Maine's Freedom of Access Law, 1 M.R.S. § 401 (Count III), and a state tort claim

against defendant Rhodes for tortious interference with Quintal's advantageous

contractual relationship with his employer (Count IV). It is these remaining three

counts which are the subject of the pending motion for summary judgment.

## Discussion

Summary judgment is proper if the citations to the record found in the parties' Rule 56(h) statements of material fact demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Dickinson v. Clark*, 2001 ME 49, ¶ 4, 767 A.2d 303, 305. "A genuine issue of material fact exists when the evidence requires a fact-finder to choose between competing versions of the truth." *Farrington's Owners' Assn. v. Conway Lake Resorts, Inc.*, 2005 ME 93, ¶ 9, 878 A.2d 504, 507. As such, the competing version of the truth must be supported by some evidence of record of a quality that would be admissible at trial and not be based upon pure speculation. To the extent that the plaintiff's arguments on the motion allege a contested fact, the arguments fail. There appear to be few disputes as to what happened; rather, the disputes concern the legal interpretation of those facts.

## Count II

In Count II, the plaintiff alleges violations of his constitutional rights under 42 U.S.C. § 1983. These alleged violations will be considered separately.

The first allegation concerns whether the plaintiff received adequate notice of the proposed reasons for his termination prior to the Personnel Committee's hearing. There is no disagreement that the notice was contained in a letter from City Manager Rhodes dated February 10, 2004, which referenced an earlier performance evaluation in which the plaintiff's performance had been rated as unsatisfactory in four of 13 categories. The letter also referenced the "preliminary investigation," which clearly refers to the plaintiff's activities in circulating a questionnaire. All that is legally necessary to meet due process requirements is that notice be given and the employee have an opportunity to explain his position as to why termination should not occur. *Moen v. Town of Fairfield,*

1998 ME 135, ¶ 9, 713 A.2d 321, 324-325. The Rhodes letter meets the notice requirement as a matter of law.

The plaintiff also claims that the Personnel Committee prejudged his case by having a private meeting with the City Manager prior to the hearing. The defendants have presented affidavit evidence that no discussion of the upcoming hearing was conducted during this brief period together. All the plaintiff has presented in opposition is his unsupported speculation that the defendants' statements are false. This speculation is simply inadequate to raise a genuine issue of material fact.

The plaintiff's third issue under Count II is whether the city attorney improperly provided legal advice to the Personnel Committee at the same time that he was prosecuting the case for the City Manager, a violation of the holding in *Gashgai v. Bd. Of Registration of Medicine*, 390 A.2d 1080, 1082, n.1 (Me. 1978) ("[W]e observe that the combination of investigator, prosecutor and city member of the adjudicatory panel, even if ostensibly a nonparticipating member, creates an intolerably high risk of unfairness."). The plaintiff claims that this occurred during the hearing when the Committee asked and received legal advice from the city attorney (plaintiff's statement of material facts no. 175), but the only support for this assertion is a misstatement of a portion of the hearing transcript. The plaintiff also claims that the city attorney assisted in drafting the opinion signed by the chairperson of the Personnel Committee after the hearing. This statement is qualified by the defendants, but even assuming it to be correct, such assistance occurred after the Committee had taken its formal vote in open session and is more akin to the drafting assistance often requested from counsel during litigation. Therefore, even if true, the city attorney's drafting assistance does not create an intolerably high risk of unfairness such as to implicate constitutional concerns.

Finally, with regard to Count II, the plaintiff alleges a First Amendment violation when he was terminated, at least in part, for speaking out regarding matters of public concern in the "Preliminary Investigation" memorandum he sent out. Plaintiff asserts that the purpose of the memorandum was to inquire whether grounds existed to support filing a complaint of harassment under section 14.1 of the Hallowell Personnel Regulations. Plaintiff does admit that some of the questions posed in the memorandum were personal, although he asserts that several raised issues of public concern, entitling him to First Amendment protection.

> To determine whether a public employee's speech is entitled to the protection of the First Amendment, the court must engage in a two-part analysis. First, the court must determine whether the employee has shown that his or her speech involved a matter of public concern. Next, if the employee is successful in this initial regard, the court must determine whether the State has demonstrated that its interest, as an employer, in providing efficient public services outweighs the employee's interest, as a citizen, in commenting on a matter of public concern.

*Moen*, 1998 ME 135 at ¶ 14 (citing *Connick v. Myers*, 461 U.S. 138, 143-49 (1983)).

> Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement as revealed by the whole record.

*Connick*, 461 U.S. at 147-48. While determination of what was said is a question of fact, determination of whether what was said is a matter of public concern is a question of law. There is no dispute that the memo sent to a few individuals asks whether municipal officers are trying to drive a wedge between city employees and their union, whether the city's policy of record retention can be considered a form of harassment and whether the City manager had a behavioral problem which led to conflicts. These questions, in their context, were related to the internal workings of an office and employee morale, rather than a matter of public concern. Furthermore, in the context of being written on city letterhead entitled "Preliminary Investigation," the overall

content, context and form of the letter appears more as a personal attack on a supervisor and an effort to refocus blame for the events that had led to the pending hearing. In short, the court concludes that to the extent that the plaintiff was terminated as the result of this memo, the subject matter does not involve a matter of public concern and does not entail a First Amendment violation.

In summary, the plaintiff has failed to demonstrate any genuine issue of material fact or persuasive legal argument such as would prevent summary judgment as to Count II.

## Count III

The plaintiff also alleges a statutory cause of action under Maine's Freedom of Access Law, 1 M.R.S. § 401, asserting that the Personnel Committee discussed his case in illegal executive session and that it failed to adopt findings of fact that were separately voted upon. However, as noted above, plaintiff has not provided any evidence supporting this argument beyond his own speculation as to what might have occurred behind closed doors in the minutes prior to the hearing. This speculation would not be sufficient admissable evidence to find that an illegal executive session had taken place. The issue concerning adoption of findings of fact is basically mooted by the final written opinion of the Committee signed by the chairperson.

## Count IV

The fourth count is a state court tort claim for intentional interference with an advantageous contractual relationship brought against City Manager Rhodes. The advantageous contractual relationship would be the plaintiff's employment by the Caity. In response, Rhodes asserts that he is immune from any state court tort claim arising from his discretionary official duties as City Manager, and that the finding of just cause to terminate the plaintiff came from the Personnel Committee. *Gove v. Carter,*

2001 ME 126, ¶ 9. In support of this position, defendant Rhodes points out that he was the plaintiff's supervisor and had discretionary disciplinary authority, that Rhodes' decisions regarding discipline involved basic governmental functions concerning delivery of public services, that Rhodes' actions were essential to delivery of services and the overall supervision of employees, and his evaluation and disciplinary decisions involved basic policy, education, judgment and expertise. On the other hand, the plaintiff argues that there should be no immunity for actions that he claims were intentional and taken in bad faith. However, the plaintiff's only cited evidence on this point is a hearsay statement included in his affidavit concerning alleged statements by a former police chief about the chief's "understanding" of statements made by Rhodes about the plaintiff. This type of hearsay evidence is insufficient to raise a genuine issue of material fact.

### Summary and Entry

In summary, the plaintiff has not generated a genuine issue of material fact as to any of the three remaining counts, while the defendants have persuaded the court that they are entitled to summary judgment on these counts, as a matter of law. The entry will be:

> Defendants' motion for summary judgment is GRANTED. Summary judgment shall be entered for the defendants on Counts II, III and IV.

Dated: March 16, 2007

S. Kirk Studstrup
Justice, Superior Court

(AP-04-20)

Date Filed ___3/29/04___ ___Kennebec___ Docket No. ___AP04-20___

County

Action ___Rule 80B Complaint___

# J. STUDSTRUP

___Gary Quintal___ vs. ___City of Hallowell & James Rhodes___

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Curtis Webber, Esq. | ~~Thomas Federle, Esq.~~ ~~XXXXXXXXXXXXXXXXX~~ |
| 83 Pleasant Street | ~~XXXXXXXXXXXXXXXX~~ ~~XXXXXXXXXXXXXXXX~~ |
| P.O. Box 190 | ~~XXXXXXXXXXXXXXXXXXXXX~~ |
| Auburn, Maine 04212-0190 | Edward R. Benjamin, Esq. |
| | Three Canal Plaza |
| | P.O. Box 4630 |
| | Portland, Maine 04112 |
| | ~~James A. Bolding, Esq.~~ (co-counsel City of Hallowell) |

| Date of Entry | |
|---|---|
| 3/29/04 | Rule 80B Complaint ( Injunctive Relief Requested), filed. s/Webber, Esq. |
| 3/30/04 | Notice of briefing schedule mailed to attys of record. |
| 4/1/04 | Entry of Appearance, filed. s/Federle, Esq. |
| 4/2/04 | Amended Rule 80B Complaint, filed. s/Webber, Esq. Motion for Order Specifying Future Course of Proceedings, filed. s/Webber, Esq. |
| 4/5/04 | Acceptance of Service, filed. s/Federle, Esq. |
| 4/14/04 | Motion for Trial, filed. s/Webber, Esq. Certificate of Service, filed. s/Webber, Esq. |
| 4/15/04 | City of Hallowell and James Rhodes' Answer to Plaintiff's Amended Complaint Affirmative Defenses and Request for Jury Trial, filed. s/Benjamin, Esq. |
| 4/21/04 | Defendant's Objection to Plaintiff's Motion for Order Specifying Future Course of Proceedings and Motion to Dismiss Rule 80B Portion of Claim, filed. s/Benjamin, Esq. Proposed Order, filed. |
| 4/28/04 | Reply to Objection to Motion to Specify Future Course of Proceedings and Request for Stay, filed. s/Webber, Esq. |
| 4/30/04 | Motion to Amend Rule 80B Complaint, filed. s/Webber, Esq. Memorandum of Law in Support of Motion to Amend Rule 80B Complaint, filed. s/Webber, Esq. |
| 5/5/04 | Plaintiff's Motion for Extension of Time to file Brief and Record in the Rule 80B Appeal with Proposed Order, filed. s/C. Webber, Esq. |
| 5/6/04 | Letter informing the court that Atty. Benjamin withdraws objection to request for extension of time to file the record and brief, filed. s/Webber, Esq. |
| 5/14/04 | ORDER, Marden, J. Motion for extension of time granted subject to understanding in May 5, 2004 Webber letter. Copies mailed to attys. |

| Date of Entry | Docket No. _____ |
|---|---|
| 5/17/04 | City of Hallowell and James Rhodes' Answer to Plaintiff's Second Amended Compliant, Affirmative Defenses and Request for Jury Trial, filed. s/E. Benjamin, Esq. |
| 6/9/04 | Plaintiff's Motion for Further Extension of Time to File Brief and Record in Connection with the Rule 80B Appeal, filed. s/Webber, Esq. Proposed Order, filed.<br><br>6 /18/04 |
| 6/11/04 | ORDER ON MOTION FOR EXTENSION, Marden, J.<br>Motion granted, time to file brief/record extended 30 days.<br>Copies mailed to attys of record. |
| 6/14/04 | Notification of Discovery Service, filed. s/Benjamin, Esq.<br>Defendants' Responses to Plaintiff's Request for Production of Documents served on Curtis Webber, Esq. on 6/10/04. |
| 6/17/04 | Defendant's Motion to Continue Hearing on Motion to Specify Future Course of Proceedings under Rule 80B, filed. s/Benjamin, Esq. Proposed Order, filed. |
| 6/17/04 | ORDER ON MOTION TO CONTINUE, Marden, J.<br>Copies mailed to attys of record. |
| 7/14/04 | Plaintiff's Motion for Further Extension of Time to File Brief and Record in Connection with the Rule 80B Appeal, filed. s/Webber, Esq. |
| 7/16/04 | Plaintiff's Proposed Order for Further Extension, filed. |
| 7/21/04 | ORDER ON MOTION FOR EXTENSION, Studstrup, J.<br>Time extended.<br>Copies mailed to attys. |
| 8/12/04 | Plaintiff's Motion for Further Extension of Time to File Brief and Record, filed. s/Webber.<br>Proposed Order, filed. |
| 8/17/04 | ORDER ON MOTION FOR EXTENSION, Marden, J. (dated 8/12/04)<br>Time extended to September 12, 2004.<br>Copies mailed to attys of record. |
| 9/10/04 | Plaintiff's Motion for Further Extension of Time to File Brief and Record in Connection with the Rule 80B Appeal, filed. s/Webber, Esq.<br>Amended Motion for Trial, filed s/Webber, Esq.<br>Proposed Order on Motion to Amend Complaint, filed. |
| 9/16/04 | ORDER ON MOTION FOR EXTENSION, Studstrup, J.<br>Copies mailed to attys of record.<br>ORDER ON MOTION TO AMEND 80B COMPLAINT, Studstrup, J.<br>Copies mailed to attys of record. |
| 9/16/04 | Plaintiff's Opposition to Defendants' Motion to Dismiss, filed. s/Webber, E: |
| 9/27/04 | Defendants' Objection to Plaintiff's Amended Motion for Trial with Attachment, filed. s/E. Benjamin, Esq. |

Notice of setting for 1/4/05

sent to attorneys of record.

| Date of Entry | Docket No. ___AP04-20___<br>Gary Quintal v. City of Hallowell & Jamws Rhodes |
|---|---|
| 12/16/04 | Appearance, filed. s/Billings, Esq. |
| 12/17/04 | Letter from attorney Webber citing a case for the Court. |
| 1/4/05 | Hearing had on Motion for Trial and Motion to Dismiss with Hon. Justice Kirk Studstrup, presiding.<br>Curtis Webber, Esq. for the Plaintiff. Thomas Federle, Esq. and James Billings, Esq. for the Defendants.<br>Oral arguments made to the court. Court to take matter under advisement |
| 1/24/05 | MOTION TO DISMISS, Studstrup, J. (dated 1/14/05)<br>After hearing, motion to dismiss Count I is DENIED. Winston v. MTCS, 631A 2nd 70.<br>Copies mailed to attys of record.<br><br>AMENDED MOTION FOR NEW TRIAL, Studstrup, J. (dated 1/14/05)<br>After hearing, the motion for trial is granted. Parties will have 60 days for discovery from the date of this order. Counsel will prepare proposed stipulations to narrow issues for trial. A trial management conference will then be held to prepare for trial and determine which issues will be tried to a jury and which to the court.<br>Copies mailed to attys of record. |
| 2/16/05 | Notification of Disocvery Serivce of Defendants' Interrogatories and Defendants' Request for Production of Documents to Plaintiff served on Curtis Webber, Esq. on 2/14/05, filed. s/E. Benjamin, Esq. |
| 2/16/05 | Amended Rule 80B Complaint, filed. s/C. Webber, Esq. |
| 2/16/05 | Notification of Discovery Service of Plaintiff's Interrogatories Propounded to Defendant Served on Edward Benjamin, Esq. and Thomas Federle, Esq. on 2/10/05, filed. |
| 2/22/05 | City of Hallowell and James Rhodes' Answer to Plaintiff's Amended Complai Affirmative Defenses and Request for Jury Trial, filed. s/Benjamin, Esq. |
| 3/3/05 | Defendants' Motion to Extend Discovery Deadline (Agreed Upon), filed. Proposed Order, filed. |
| 3/7/05 | ORDER EXTENDING DISCOVERY DEADLINE, Studstrup, J.<br>Discovery extended from March 15, 2005 to April 15, 2005.<br>Copies mailed to attys of record. |
| 3/10/05 | Letter from attorney Webber agreeing that Count IV may be included and that the plaintiff requests that IV be tried by a jury. |
| 3/14/05 | Notification of Discovery service, filed. s/Benjamin, Esq.<br>Defendants' Answer to Plaintiff's Interrogatories served on Curtis Webber on 3/9/05 |
| 3/17/05 | Notification of Discovery Service, filed. s/Benjamin, Jr., Esq.<br>Notice to Take Oral Deposition of Gary Quintal served on Curtis Webber, Es 3/15/05 |
| 3/18/05 | Notification of Discovery Service, filed. s/Webber, Esq.<br>Plaintiff's Answers to Defendants' Interrogatories and Plaintiff's Respons and Plaintiff's Responses to Defendant's Request for Production of Documer served on Edward Benjamin, Jr., Thompson, Esq. on 3/17/05 |
| 4/1/05 | Defendant's Motion to Extend Discovery Deadline and Proposed Order, filed s/Benjamin, Esq. |

| Date of Entry | Docket No. _____ |
|---|---|
| 4/11/05 | ORDER EXTENDING DISCOVERY DEADLINE, STUDSTRUP, J.<br>Discovery deadline extended to June 15, 2005.<br>Copies mailed to attys. |
| 5/23/05 | Notification of Discovery Service, filed. s/Benjamin, Jr., Esq.<br>Notice to Continue the Oral Deposition of Gary Quintal served on<br>Curtis Webber, Esq. on 5/19/05 |
| 6/28/05 | Request for Leave and Entry of Appearance of Substitute Counsel,<br>filed. s/T. Federle, Esq.; C. Goodall, Esq. and M. Denison, Esq. |
| 8/30/05 | Motion to Remove Case From Trial List, filed. s/Webber, Esq.<br>Proposed Procedural Order, filed. |
| 9/1/05 | PROCEDURALLORDER, Studstrup, J.<br>Copies mailed to attys of record. |
| 10/5/05 | Plaintiff's Motion for Partial Summary Judgment, filed. s/Webber, Esq.<br>Statement of Uncontested Material Facts, filed. s/Webber, Esq.<br>Plaitniff's Memorandum Supporting Motion for Partial Summary Judgment,<br>filed. s/Webber, Esq. |
| 10-24-05 | Received and filed by Edward Benjamin, Jr. for Defendant, Defendendants'<br>Memorandum In Opposition to Plts. Motion For Partial Summary Judgment<br>and in Support of Defendants' Motion for Partial Summary Judgment and<br>Deendants' Statement of Additional Facts. |
| 10/31/05 | Plaintiff's Objection to Defendants' Motion for Partial Summary<br>Judgment, filed. s/Webber, Esq.<br>Plaintiff's Responses to Defendants' Statement of Material Facts,<br>filed. s/Webber, Esq..<br>Plaintiff's Reply to Defendants' Objection to Plaintiff's Motion<br>for Summary Judgment, filed. s/Webber, Esq. |
| 1/4/06 | Oral arguments held with the Hon. Justice Kirk Studstrup, presiding.<br>Curtis Webber, Esq. for the Petitioner and Mary Denison, Esq. and<br>Edward Benjamin, Esq. for the Respondent.<br>Oral arguments made to the court. Court to take matter under advisement |
| 2/24/06 | ORDER ON MOTION FOR SUMMARY JUDGMENT, Studstrup, J. (dated 2/24/06)<br>Petitioner's motion for summary judgment is DENIED. The respondents<br>motion for summary judgment is GRANTED and summary judgment will be<br>entered on count I of the complaint.<br>Copies mailed to attys of record.<br>Copies mailed to Deborah Firestone, Garbrecht Library and Goss. |
| 3/6/06 | Motion for Extension of Time to File Motion for Reconsideration,<br>filed. s/Webber, Esq.<br>Proposed Order, filed.<br>Plaintiff's Motion to Alter or Amend the Judgment, filed. s/Webber, Esq.<br>Plaintiff's Memorandum of Law in Support of Motion to Alter or Amend<br>the Judgment, filed. s/Webber, Esq.<br>Certificate of Service, filed. s/Webber, Esq. |
| 3/27/06 | Defendants' Memorandum in Opposition to Plaintiff's Motion to Alter<br>or Amend the Judgment, filed. s/Benjamin, Esq. |
| 4/3/06 | Plaintiff's Reply to Defendant's Objection to Motion to Alter or<br>Amend Judgment, filed. s/Webber, Esq.<br>Certificate of Service, filed. s/Webber, Esq. |
| 4/19/06 | JURY TRIAL FEE PAID.<br>****** |

| Date of Entry | Docket No. __AP04-20__ |
|---|---|
| | __Gary Quintal v. City of Hallowell & James Rhodes__ |
| 6/1/06 | Motion list cancelled. To be rescheduled.<br>Notice mailed to parties on 5/31/06 |
| 06-01-06 | Received and filed by Attorney Curtis Webber on behalf of Plaintiff, A Notification of Discovery Service; Plaintiff's Additional Interrogatories to Defendant Hallowell, Plaintiff's Additional Interrogatories to Defendant Rhodes, Plaintiff's Second Request for Production of Documents, Plaintiff's Request for Admissions By James Rhodes, Plaintiff's Request for Admissions By City of Hallowell Served on Edward Benjamin Jr. Esq. on May 31, 2006. |
| 6/15/06 | Notice of setting of hearing on 6/27/06 at 9:00a.m. sent to attys of record |
| 06-29-06 | Received and filed by Edward Benjamin, Jr. on behalf of the Defendants A Notification of Discovery Service; Defedants' Objections to Plaintiff's Second Request for Production of Documents, Defendant City of Hallowell's Response to Requests for Admissions; Defendant James Rhodes' Response to Request for Admissions; Defendant City of Hallowell's Objection to Plaintiff's Additional Interrogatories; and Defendant James Rhodes' Objection to Plaintiffs Additional Interrogatories served on Curtis Webber Esq. on 06-28-06. |
| 6/30/06 | Hearing had, Hon. Kirk Studstrup. (no courtroom clerk)<br>Case under advisement |
| 7/17/06 | DECISION ON MOTION TO ALTER OR AMEND, STUDSTRUP, J.<br>The motion to reconsider is DENIED.<br>Copies mailed to attys of record. |
| 7/31/06 | Notice of Withdrawal as Co-Counsel, filed. s/Billings, Esq. |
| 8/3/06 | Letter informing the court that matter is ready to be place on the trial list, filed. s/Webber, Esq. |
| 8/14/06 | Letter from attorney Benjamin regarding the status of case and scheduling of conference of counsel. |
| 8/17/06 | HEARING/CONFERENCE RECORD, Studstrup, J.<br>Curtis Webber, Esq. and Edward Benjamin, Esq. participating in conference call.<br><br>The entry will be:<br>Any dispositive motions to be filed by 9/29/06.<br>Copies mailed to attys. |
| 9/29/06 | Defendant's Motion for Summary Judgment and Incorporated Memorandum of Law, Statement of Material Facts, Affidavit of James Rhodes and attachment Request for Hearing and Proposed Order, filed. s/Benjamin, Esq. |
| 10/3/06 | Motion for Extension of Time to Respond to Motion for Summary Judgment wit attached Certificate of Service, filed. s/Webber, Esq.<br>Proposed Order, filed. |
| 10/12/06 | ORDER ON MOTION FOR EXTENSION, Studstrup, J.<br>Copies mailed to attys of record. |
| 10/27/06 | Request for Extension of Time to Respond to Motion for Summary Judgment, filed. s/Webber, Esq.<br>Proposed Order, filed. |

| Date of Entry | Docket No. _____ |
|---|---|
| 10/31/06 | ORDER ON MOTION FOR EXTENSION, Studstrup, J.<br>Time to respond enlarged to 11/30/06.<br>Copies mailed to attys of record. |
| 11/3/06 | Plaintiff's Motion for Leave to File Material Supplementing his Response to Defendants' Motion for Summary Judgment, filed. s/Webber, Esq.<br><br>Motion to Exceed Page Limit for Memorandum Responding to Motion for Summary Judgment, filed. s/Webber, Esq.<br>Plaintiff's Memorandum of Law Responding to Defendants' Motion for Summary Judgment, filed. s/Webber, Esq.<br>Plaintiff's Responses to Defendants' Statement of Material Facts, filed. s/Webber, Esq.<br>Plaintiff's Opposing Additional Statement of Material Facts, filed. (attached exhibits A-R) |
| 11/6/06 | Defendants' Opposition to Plaintiffs' Motion in Limine, filed. s/Lavoie, Esq. |
| 11/15/06 | ORDER ON MOTION TO EXCEED PAGE LIMITS, Studstrup, J.<br>Copies mailed to attys of record. |
| 11/20/06 | Defendants' Unopposed Motion for Extension of Time to File Reply to Summary Judgment, filed. s/Benjamin, Esq.<br>Proposed Order, filed. |
| 11/22/06 | Defendants' Unopposed Motion for Extension of Time to File Reply to Summary Judgment, filed. s/Benjamin, Jr., Esq.<br>Proposed Order, filed. |
| 11/27/06 | ORDER EXTENDING TIME TO FILE REPLY TO SUMMARY JUDGMENT, Studstrup, J.<br>Time extended to November 30, 2006.<br>Copies mailed to attys of record. |
| 11/27/06 | ORDER EXTENDING TIME TO FILE REPLY TO SUMMARY JUDGMENT, Studstrup, J.<br>Time extended to December 14, 2006.<br>Copies mailed to attys of record. |
| 12/14/06 | Defendants' Reply Memorandum in Support of Their Motion for Summary Judgment, filed. s/Benjamin, Jr., Esq.<br>Defendants' Reply Statement of Material Facts, filed. s/Benjamin, Jr. Esq<br>Affidavit of James Rhodes, filed. s/Rhodes, Esq. |
| 12/21/06 | Letter, filed. s/Webber, Esq. |
| 1/3/07 | Hearing had, Hon. Kirk Studstrup, J. (No courtroom clerk)<br>Case taken under advisement. |
| 3/16/07 | SUMMARY AND ENTRY, Studstrup, J.<br>Defendants' motion for summary judgment is GRANTED. Summary judgment shall be entered for the fefendants on Counts II,III, and IV.<br>Copies mailed to attys. of record.<br>Copies mailed to Donald Goss, Garbrecht Law Library and Deborah Firestone. |